194 So. 810

## PUGH v. STATE.
### 6 Div. 462.

Supreme Court of Alabama.
March 7, 1940.

Rehearing Denied April 4, 1940.

M. B. Grace, of Birmingham, for appellant.

330

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

FOSTER, Justice.

The question in this case is whether or not we can and should reverse a judgment of conviction of burglary in the first degree because the evidence does not show a breaking in, but only an entry in an inhabited dwelling at night when no such point was made in the trial court.

The issue which was controverted on the trial was the identity of appellant as the guilty party. He produced evidence of an alibi, and another person then in the penitentiary for some other offense testified that he, and not defendant, committed the act. He testified that when he entered the building, the outside door was open and he entered through it. There was no other evidence in that connection. The residents of the house found someone in their bathroom in a threatening attitude between eleven and twelve o'clock at night. He escaped through the bath-room window by cutting open the screen. They identified defendant positively as the one who did it. No one raised any contention on the trial by question, evidence, requested charge or motion that there was no breaking.

Defendant was represented by counsel of his own choice, since there is no indication otherwise. It is now insisted by another lawyer, who did not represent defendant on the trial, that he was not properly represented, but by an inexperienced lawyer who did not know of the necessity to raise the question nor how to do it; and that this court should reverse the judgment because the evidence does not affirmatively show a breaking into the house, which is a necessary element of burglary in the first degree, though it is not now necessary in some aspects of burglary in the second degree, as defined by the Act of June 6, 1935, page 159. See, also, section 3480, Code.

But it does not necessarily follow that a failure to raise the question of whether there was a breaking was due to inexperience or inadvertence. On the other hand, it may have been a desire not to quibble over a matter which defendant's counsel thought was clear on the facts of which he was informed. It is not particularly important to speculate in this respect. Had the question been raised at any progress of the trial, the court could have permitted the evidence to be supplied. Section 9490, Code.

Under such circumstances, this Court will not reverse a judgment in the absence of an objection, charge, a motion, and an exception by which such an omission may be brought to the attention of the Court

so that it may be supplied. Woodson v. State, 170 Ala. 87, 54 So. 191; Watts v. State, 204 Ala. 372, 86 So. 70; McPherson v. State, 198 Ala. 5, 73 So. 387; Peterson v. State, 227 Ala. 361, 150 So. 156; Blackwell v. State, 8 Ala.App. 430, 62 So. 1034.

This Court in the Woodson case, supra, applied that principle to a situation where the uncontradicted evidence was that no crime was committed by defendant. Judge Mayfield made a vigorous dissent. The question is right fully discussed in 3 Amer. Jur. 33, section 248. It is there shown that the authorities hold that in a serious criminal case, especially where it is punished capitally, the court may, in its discretion and as a matter of grace, take notice of errors appearing in the record, which deprived accused of fundamental and substantial rights although the question is not properly presented. Such is the rule in the United States Supreme Court, Clyatt v. United States, 197 U.S. 207, 25 S.Ct. 429, 49 L.Ed. 726, and in some of the states, State v. Trinidad Herrera, 28 N.M. 155, 207 P. 1085, 24 A.L.R. 1134; Mack v. State, 203 Ind. 355, 180 N.E. 279, 83 A.L. R. 1349; Wilder v. People, 86 Colo. 35, 278 P. 594, 65 A.L.R. 1260; State v. Griffin, 129 S.C. 200, 124 S.E. 81, 35 A.L.R. 1227.

For myself, in which Justice BOULDIN concurs, I do not wish to declare to what extent we would be bound by the Woodson case, supra, when the substantial fundamental rights of one charged with a serious crime are disregarded, but when the question is not presented on the record. The other justices concurring, do not wish to give any expression in that connection.

It is not denied in the record but that a serious charge was committed by someone that night in violating the sanctity of an inhabited dwelling with the evident intent to steal. See, section 3307, Code; Hutto v. State, 169 Ala. 19, 53 So. 809.

A defendant does not occupy a position which has an appealing effect in asking this Court to extend to him a grace or favor merely because the evidence of a breaking was not produced on such a charge when he did not see fit to make the contention in the trial court; and when even without a breaking a crime may be committed under the statutes to which we have referred. For if it be merely an attempt, it showed a moral perversion which has no appeal to our discretion for favorable consideration.

We have examined the record with care, and find no error to which exception was taken.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.