90 So.2d 244

### Eugene FULLER
### v.
### STATE.
### I Div. 704.

Court of Appeals of Alabama.

May 29, 1956.

Rehearing Denied June 19, 1956.

W. C. Taylor, Mobile, for appellant.

John Patterson, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the crime of sodomy, and was sentenced to the penitentiary for a term of two years.

Appellant was not represented by present counsel in the trial court.

■ There was no request for the affirmative charge, no motion to exclude the evidence, nor was there a motion for a new trial. Therefore, the question of the sufficiency of the evidence to sustain the conviction is not presented for review.

The record discloses only two rulings of the court adverse to appellant.

■ In the first instance, the State's objection was sustained to this question: "Q. I will ask you if you didn't hear that Highway Patrolman this morning say that he had given him a ticket, this man here, something like—."

The question called for hearsay evidence. Munson v. State, 250 Ala. 94, 33 So.2d 463; Crump v. State, 33 Ala.App. 210, 31 So.2d 719.

■ The other ruling adverse to defendant was the sustaining of the State's objection to this question: "Q. I will ask you this; isn't it true that your Dad didn't bring you down to swear out a warrant until——." The court stated he was sustaining the objection "because the record shows for itself and this boy has testified already that he doesn't remember when the warrant was sworn out."

It was later stipulated by the State and defense counsel that no affidavit or warrant was ever issued in the Inferior Court in this case, therefore, if there was any error in the court's ruling, it was not prejudicial to defendant. Alabama Digest, Criminal Law, ☞1170(2).

It appears from the record that the trial court, in the presence of the jury, asked the accused, counsel for the accused and the Solicitor whether or not they would consent to a separation for the night pending the trial, contrary to the provisions of Title 30, Section 97(1), Code 1940. Counsel argues in brief that such action of the court constituted reversible error.

■ This action of the court was not challenged by a motion for a new trial, Mitchell v. State, 244 Ala. 503, 14 So.2d 132; Nelson v. State, 253 Ala. 246, 43 So. 2d 892, therefore, nothing is presented for our consideration, since the jurisdiction of this court is appellate only, and review is limited to matters upon which action or ruling at nisi prius was invoked. See Alabama Digest, Criminal Law, ☞1030(1) for innumerable citations of authority.

The judgment of the trial court is affirmed.

· Affirmed.

## On Rehearing

■ In brief on application for rehearing counsel earnestly insists that this cause should be reversed, (1) because the trial court permitted evidence of other like offenses by defendant, and (2) because the corpus delicti was not proven except by the testimony of the alleged accomplice.

As to the first insistence no objection was made to the introduction of the testimony of which counsel now complains.

As to the second insistence, we pointed out in the original opinion that the question of sufficiency of the evidence was not presented for our review.

Application for rehearing overruled.

Application overruled.