204 So.2d 486

Henry ALEXANDER

v.

STATE.

6 Div. 195.

Court of Appeals of Alabama.

March 21, 1967.

Rehearing Denied April 11, 1967.

Longshore & Longshore, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Henry Alexander appeals from a conviction for the offense of robbery. He was sentenced to a term of ten years in the penitentiary.

According to the state's evidence, two men, one armed with a pistol, wearing a woman's wig and with a stocking over his face, entered the Montevallo Supermarket in Jefferson County, at about 8:30 p.m., January 30, 1965. After binding the owner, Mr. J. H. Lenon, a woman customer and a young girl, they took $200.00 from the cash register, leaving the parties bound on the floor behind the meat counter.

William Trimble and James Ward, Jr., being first advised of their constitutional rights and after consultation with counsel, testified to their participation in the robbery. Trimble drove the automobile and Ward and Walter Little entered the store and took the money.

Trimble and Ward testified the defendant was the planner and mastermind of the robbery; that he gave the keys to his automobile to Trimble so that he could drive the men to the store and bring them back after the robbery. Ward testified defendant gave him the pistol to use in the robbery. Both Trimble and Ward testified they took the money to defendant and he gave each of the three men a part of the money and kept the balance.

Ollie Vance, a detective with the Birmingham Police Department, testified, after proper predicate as to voluntariness, that defendant told him he had no knowledge of the robbery; that he was at the "Brown Jug" working; that he had left his automobile at the Courthouse Service Station to have work done on it and about 7 p.m., he sent William Trimble to the service station for the car. Then he said Mr. Bill from the service station sent a man to the Brown Jug to see if it was all right to let William take the car. Defendant said Trimble took the car and he didn't see him anymore until 11:00 o'clock that night. Defendant said he got after him about being gone so long and William said, "I will give you a little piece of money." Defendant said, "He gave me some bills and I just stuck it in my pocket at the time without counting it, due to the fact that some people were in the place of business." He stated defendant denied ownership or knowledge of the pistol and said he had never seen it before.

State's witness Willie Mason identified the pistol in question as one he had seen the defendant with on several occasions at his place of business.

C. V. Garrett, a detective with the Birmingham Police Department, testified when he arrested Trimble, Ward and Little, one of the three pulled the pistol in question from under his coat and threw it in the alley. Ward had three stockings and Trimble had one stocking and a woman's wig in his pocket.

No evidence was presented in defendant's behalf.

The record shows that defendant was represented at the trial by counsel, presumably of his own choice, since there is no indication that counsel was appointed. He is represented on appeal by court appointed counsel, who now insists that this cause should be reversed because the only evidence tending to connect the defendant with the crime charged was the testimony of Trimble and Ward, who admitted they perpetrated the robbery, and their testimony was not corroborated as required by Title 15, Section 307, Code of Alabama 1940.

We are of opinion the record does not show corroboration of the testimony of the admitted accomplices, but no ruling of the trial court was invoked as to this point.

■ There was no motion to exclude the evidence; no request for the affirmative charge; no motion for a new trial. It is our opinion the question is not presented for our consideration. Pugh v. State, 239 Ala. 329, 194 So. 810; Caldwell v. State, 36 Ala.App. 229, 55 So.2d 211; Fuller v. State, 38 Ala.App. 493, 90 So.2d 244.

■ Refusal of a charge in the exact language of requested charge 3 was held error in Roden v. State, 13 Ala.App. 105, 69 So. 366. In that case a witness admitted ill will toward the defendant. There is nothing in the record tending to show bias, prejudice, anger or ill will of any witness against defendant. Charge 3 was properly refused as abstract. Davis v. State, 188 Ala. 59, 66 So. 67; Head v. State, 35 Ala. App. 71, 44 So.2d 441.

The judgment is affirmed.

Affirmed.