204 So.2d 839

**Bobby Lee TRUSSELL**

v.

**STATE.**

**7 Div. 887.**

Court of Appeals of Alabama.

Dec. 5, 1967.

Hank Fannin, Talladega, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant was convicted of the offense of grand larceny. His punishment was fixed at five years in the penitentiary.

The state's evidence showed that a money changer containing $227.00, the property of The Coca-Cola Bottling Company, was stolen from the snack bar of the Citizen's Hospital in Talladega, Alabama, during the early morning hours of September 19, 1966. One witness estimated the time of the taking at between 3:00 and 4:00 A.M.

Robert Donnie Key testified he had an automobile of the description given by state's witnesses who saw the car at the hospital; that on the night in question Sam Wilkerson, Bobby Lee Trussell and the witness, with defendant driving the automobile, took the money changer from the hospital, drove to the City dump, broke open the machine with tire tools and took the money, leaving the money changer at the dump; that they later met a police car and that all three of the boys in his car got out and ran. Witness was the only one apprehended.

For the defense, Harvey Murner, an all-night service station attendant, testified Sam Wilkerson, Donnie Key and defendant came to his station twice after midnight. They left both times with Key driving the car.

Defendant's sister testified defendant came home ten minutes before two o'clock.

It is insisted that there was not sufficient evidence tending to corroborate the

accomplice Donnie Key. Section 307, Title 15, Code of Alabama, 1940.

Officer Thurman Smith testified he saw Wilkerson, Key and Trussell in an automobile around 1 o'clock, and that defendant was driving.

Officer Bill DeMaze testified he saw defendant, Wilkerson and Key jump from the car and run; that they were in plain view and he recognized all three.

Whether this evidence sufficiently corroborated the accomplice is not presented for review. There was no motion to exclude the evidence; no request for the affirmative charge, no motion for a new trial. Pugh v. State, 239 Ala. 329, 194 So. 810; Caldwell v. State, 36 Ala.App. 229, 55 So.2d 211; Fuller v. State, 38 Ala.App. 493, 90 So.2d 244; Alexander v. State, Ala. App. 204 So.2d 486, cert. den., Ala., 204 So.2d 488.

Defendant's refused Charge 1 was fully covered by the court's oral charge.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.