205 So.2d 246

**William EDWARDS, Jr.,**

**v.**

**STATE.**

**1 Div. 251.**

Court of Appeals of Alabama.

Dec. 19, 1967.

J. Gordon House, Jr., Mobile, for defendant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was convicted of the offense of robbery. His punishment was fixed at imprisonment for a term of ten years.

The state's evidence tends to show the robbery of a Pak-A-Sak store in Mobile, Alabama, on October 26, 1966. One man held a gun on an employee of the store and took between sixty-five and seventy-five dollars from him. Another man on the outside of the store was seen getting into a car with the robber and the car drove away. The automobile was a two-tone dark and light colors, 1957 Ford, with one of its tail lights out. There were three men in the car. Shortly thereafter an automobile with defendant and two other men was stopped by the police and the three men were arrested.

John J. Moon, employee of Pak-A-Sak, testified that along with the money, he handed the robber a tear gas bomb, the size of a dollar bill. The tear gas bomb had a button on it which the witness pressed to activate it, and it took four minutes to activate.

Officer Guyland Hodges testified he was notified of the robbery and given a description of the automobile on his car radio. The car was described as a 1957 model Ford, two-tone with the right tail light lens burned out. About thirty minutes later he spotted an automobile which matched the description and he stopped the car and called for reinforcements. While checking the automobile he smelled a strong odor of tear gas. There were three men in the car, one of whom was the defendant. He drove the defendant to the police station. His clothing had a strong odor of tear gas about it.

Officer Vernon Cross testified he received a call on his radio and was given a description of the get away car, which he later saw at the police station. He tried to look in the automobile and smelled tear gas in and about the car. He saw the defendant

and two others in the Detective Bureau. The clothing of all three men had such a strong odor of tear gas that it was taken off, placed in another room and the windows opened. There was a line-up, but the defendant was not identified as the man who went in the store.

Jimmy James Robinson testifying as a state's witness, stated he took part in the robbery of the Pak-A-Sak store; that he acted as the look-out, and did not go into the store. Ronald Lambert was the man who entered the store. Defendant was the driver of the automobile. When Lambert came out of the store he ran around the side and got into the bushes. Witness got into the car with defendant and they picked up Lambert down the road. A gas bomb which looked like a package of money went off in the car. It made him cry and his eyes water and the gas got on his clothing. The car was a Ford, painted black and white. The reflector was out on one tail light.

At the close of the state's evidence defense counsel moved to exclude the evidence on the ground that the testimony of the accomplice Robinson was not corroborated. Code of Alabama 1940, Title 15, Section 307.

The testimony of the officers concerning the odor of tear gas in the automobile and on defendant's clothing together with the description of the automobile in which defendant was riding when arrested, sufficiently corroborated the testimony of Jimmy James Robinson.

No testimony was introduced in defendant's behalf.

The evidence was sufficient to sustain the conviction. Cost v. State, 30 Ala. App. 182, 2 So.2d 466. The general affirmative charge was properly refused.

The judgment is affirmed.

Affirmed.