## RONALD ANTHONY BILLINGS *v.* STATE OF MARYLAND

[No. 537, September Term, 1969.]

*Decided July 16, 1970.*

---

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Andrew E. Greenwald* for appellant.

*Thomas N. Biddison, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Joseph C. Sauerwein, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The Court of Appeals and this Court have consistently held that ordinarily there is no constitutional right to the assistance of counsel at a preliminary hearing as conducted in Maryland. *Evans v. Warden,* 240 Md. 333; *Mercer v. State,* 237 Md. 479; *Fabian v. State,* 235 Md. 306; *Coleman v. State,* 8 Md. App. 65; *Crumb v. State,* 1 Md. App. 98. In so holding it was recognized that a person accused of crime "requires the guiding hand of counsel at every step of the proceedings against him", *Powell v. Alabama,* 287 U. S. 45, 69, and that "it is central to that principle that in addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial", *United States v. Wade,* 388 U. S. 218, 226. A preliminary hearing is not a required step in a Maryland prosecution; the prosecutor may seek an indictment directly from the grand jury without a preliminary hearing. *Clemons v. State,* 9 Md. App. 127; *Fabian v. State,* 3 Md. App. 270. The primary purpose of a preliminary hearing in this jurisdiction is to determine whether an offense has been committed, and, if so, whether there is probable cause for charging the accused with that offense, that is whether he is to be held for action of the grand jury. *Mason v. State,* 2 Md. App. 768; *Timbers v. State,* 2 Md. App. 672. Thus we have not considered it to be such a critical stage of the proceedings as to require the assistance of counsel in the normal course of events. But we followed the dictates of *White v. Maryland,* 373 U. S. 59, so that disclosures of an uncounseled person at a preliminary hearing may not be used against him if he is later tried. *Butina v. State,* 4 Md. App. 312. And see *Pointer v. Texas,* 380 U. S. 400.

On 22 June 1970 in *Coleman and Stephens v. State of Alabama,* 7 CrL 3121, a majority of the Supreme Court held that a preliminary hearing in Alabama, so compa-

rable in conduct and purpose as to be in effect indistinguishable from a preliminary hearing in Maryland, was a critical stage of the State's criminal process at which an accused is as much entitled to such aid of counsel as at the trial itself. At 3124. Mr. Justice Brennan announced the judgment of the Court and delivered an opinion. Mr. Justice Douglas, Mr. Justice White and Mr. Justice Marshall joined in the part of the opinion concerning the preliminary hearing. The Chief Justice and Justices Douglas, Black, White, Harlan and Stewart each wrote an opinion. Mr. Justice Douglas added a word as to why he thought a strict construction of the Constitution required the result reached. At 3124-3125. Mr. Justice White felt that "recent cases furnish ample ground for holding the preliminary hearing a critical event in the progress of a criminal case." At 3126. Mr. Justice Harlan was "constrained to agree with the Court's holding that petitioners' constitutional rights were violated when Alabama refused to appoint counsel to represent them at the preliminary hearing." At 3128. Mr. Justice Black "wholeheartedly" agreed "with the Court's holding * * * that an accused has a constitutional right to the assistance of counsel at the preliminary hearing which Alabama grants criminal defendants." At 3125. Mr. Justice Stewart said he would hold "that the absence of counsel at the preliminary hearing deprived the petitioners of no constitutional rights." At 3130. He felt that the preliminary hearing was a critical stage only if incriminating statements made by the petitioners at the preliminary hearing had been used by the prosecution at the trial, citing *White v. Maryland, supra,* or if the prosecution had used the statement of any other witness at the preliminary hearing against the petitioners at their trial, citing *Pointer v. Texas, supra.* The Chief Justice took a middle ground. He found no requirement for the assistance of counsel as constitutionally demanded because a preliminary hearing is a "criminal prosecution" but agreed that "as a matter of *sound policy* counsel should be made available to all persons subjected to a preliminary hearing and that this

should be provided either by statute or by the rule making process." (emphasis in original) He joined the opinion of Mr. Justice Stewart. At 3126.

So a majority of the Court consider the assistance of counsel at a preliminary hearing such as provided in Alabama (and Maryland) as constitutionally mandated. If an accused does not have the assistance of counsel at a preliminary hearing and has not effectively waived the right, the test to be applied, according to the Brennan opinion, "is whether the denial of counsel at the preliminary hearing was harmless error under *Chapman v. California*, 386 U. S. 18." At 3124. But again the Court leaves unanswered the question of the application of the rule it enunciated. And again we are obliged to determine whether the rule we must follow is to have only prospective application or if it is to be retroactively applied, and if so, to what extent.

We hold that the rule that an accused has a constitutional right to the assistance of counsel at a preliminary hearing applies only to cases in which the preliminary hearing was held on or after 22 June 1970, the date *Coleman and Stephens v. Alabama, supra,* was decided. In so holding we point out that "in criminal litigation concerning constitutional claims, 'the Court may in the interest of justice make the rule prospective * * * where the exigencies of the situation require such application' * * *". *Johnson v. New Jersey,* 384 U. S. 719, 726-727. "The criteria guiding resolution of the question implicates (a) the purpose to be served by the new standards, (b) the extent of reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." *Stovall v. Denno,* 388 U. S. 293, 297. The Court said in *Johnson* at 728:

> "[T]he retroactivity or nonretroactivity of a rule is not automatically determined by the provision of the Constitution on which the dictate is based. Each constitutional rule of criminal pro-

cedure has its own distinct functions, its own background of precedent, and its own impact on the administration of justice, and the way in which these factors combine must inevitably vary with the dictate involved."

It is clear from *Stovall v. Denno, supra,* that the constitutional right to counsel, although retroactively applied with respect to the trial itself, *Gideon v. Wainwright,* 372 U. S. 335 and with respect to appeal, *Douglas v. California,* 372 U. S. 353, is not necessarily to be so applied with respect to all critical stages of the prosecution. *United States v. Wade, supra,* held that a lineup was a critical stage of the proceedings against an accused; therefore the assistance of counsel at a lineup was constitutionally required. But *Stovall* held that the exclusionary rules which come into play when counsel is not present at a lineup are only to be applied to cases which involve confrontations for identification purposes conducted in the absence of counsel after the date of the *Wade* and *Gilbert v. California,* 388 U. S. 263 decisions, both decided 12 June 1967. 388 U. S. at 296. We consider that the unusual force of the countervailing considerations leads to a conclusion in favor of prospective application of the rule that assistance of counsel is required at preliminary hearings. The authorities in this jurisdiction have heretofore proceeded on the premise that the Constitution did not require the presence of counsel at a preliminary hearing and we do not think that the ruling that it does so require was foreshadowed in the cases of the Supreme Court.[1] The Chief Justice in his opinion in *Coleman* points to 183 years of contrary constitutional interpretation, stating, "[I]t is indeed an odd business that it

---

1. Mr. Justice White, however, said he agreed with Mr. Justice Harlan "that recent cases furnish ample ground for holding the preliminary hearing a critical event in the progress of a criminal case.". At 3126. The Chief Justice stated that he would "not join in employing recent cases rather than the Constitution, to bootstrap ourselves into a result * * *." At 3127. Mr. Justice Steward felt that "[n]one of the cases relied on by the Court points to any such result [reached by the majority]." At 3129.

has taken this Court nearly two centuries to 'discover' a constitutional mandate to have counsel at a preliminary hearing. Here there is not even the excuse that conditions have changed; the preliminary hearing is an ancient institution." 7 CrL at 3127. We feel that to give *Coleman* retroactivity would have an impact on the administration of this State's criminal law "so devastating as to need no elaboration." [2] At the very least, the processing of current criminal calendars would be disrupted while hearings were conducted to determine prejudice, if any, by absence of counsel at a preliminary hearing, or whether in any event the lack of counsel was harmless beyond a reasonable doubt. "Doubtless, too, inquiry would be handicapped by the unavailability of witnesses and dim memories." *Stovall v. Denno, supra,* at 300. We conclude that the *Coleman* rule should not be made retroactive and we also conclude, as the Court did in *Stovall* that "no distinction is justified between convictions now final * * * and convictions at various stages of trial and direct review. We regard the factors of reliance and burden on the administration of justice as entitled to such overriding significance as to make that distinction unsupportable." 388 U. S. at 300-301. A contrary conclusion is not compelled because the preliminary hearings given *Coleman* and *Stephens* were, of course, prior to 22 June 1970 and they received the benefit of the rule established in their cases. As the Court said in *Stovall,* at 301:

> "That they must be given that benefit is, however, an unavoidable consequence of the necessity that constitutional adjudication not stand as mere dictum. * * * Inequity arguably results from according the benefit of a new rule to the parties in the case in which it is announced but not to other litigants similarly situated in the trial or appellate process who have raised the same issue. But we regard the fact

2. See *Tehan v. United States ex rel. Shott,* 382 U. S. 406, regarding the retroactivity of the no-comment rule of *Griffin v. California,* 380 U. S. 609.

that the parties involved are chance beneficiaries as an insignificant cost for adherence to sound principles of decision making."

Ronald Anthony Billings (appellant) was found guilty by a jury in the Circuit Court for Prince George's County of robbery with a deadly weapon and assault and battery. In oral argument on appeal before us, his counsel referred to cases then pending before the Supreme Court which might affect the case. He requested permission "to supplement the record should one of the cases in the Supreme Court be decided and have a direct bearing on appellant's case." He now asks "to supplement his argument and brief" with *Coleman v. Alabama, supra.* The preliminary hearing at which, according to appellant, he was not afforded counsel, was conducted prior to 22 June 1970. Thus in view of our holding that *Coleman* applies only to cases in which the preliminary hearing was held on or after 22 June 1970, appellant is without the ambit of the *Coleman* opinion and is not a beneficiary of the rule therein enunciated.

At the trial the victim, Mrs. Mildred Bland Miller, made a positive judicial identification of appellant as one of two men who had robbed and beaten her in her home, gaining entrance by posing as delivery men. She testified that she had made an extra-judicial identification of appellant from photographs shown her by the police. On cross-examination it was adduced that she had identified him at a preliminary hearing. Charles E. Bishop, who was working near the Miller house, testified that he saw Mrs. Miller "come from behind the house and she had her clothes ripped off her. She was full of blood. And as I looked up, here came a fellow out the front door, a colored boy, and he pointed a gun at me and he told me that if I come another step he'd blow my head off." Bishop made a judicial identification of appellant as that man.

Appellant contends that "the trial court erred in admitting any evidence of identification by the complaining witness because of the failure to provide [him] with

counsel at the time of his arrest and more specifically at the time of a preliminary hearing at which he was identified" and that "the court erred in admitting any in-court identification of the appellant which was a product of a tainted pretrial identification." But the judicial identifications by Mrs. Miller and Bishop, and the evidence of extra-judicial identification from photographs by Mrs. Miller were offered and received without objection and the matter of their admissibility is not properly before us.[3] *Jones v. State*, 9 Md. App. 455 is dispositive of the point. With regard to the identification of appellant by Mrs. Miller at the preliminary hearing, this evidence was brought out by appellant in the first instance and he cannot now complain that its admission was error.

Appellant also contends that the trial court committed reversible error when it permitted the State to adduce testimony in rebuttal after denying a motion for judgment of acquittal. The basis of the contention is that the court, in ruling on such motion, must do so in the light of all the evidence received, including any rebuttal evidence. He asserts: "It is obvious in the instant case that the Court could not possibly have reviewed all the evidence before ruling on the Motion for Judgment of Acquittal as the State was allowed over objection to introduce rebuttal witnesses after the Motion had been argued." What he overlooks is that after the rebuttal evidence was received he renewed his motion for judgment of acquittal as to all counts; the court considered it at that time and denied it. Thus the ultimate ruling of the court was made after the close of all the evidence and appellant's assertion that the court "could not possibly have reviewed all the evidence before ruling" on the motion for judgment of acquittal is belied by the record. As argued, the contention is devoid of merit.

*Judgments affirmed.*

3. We discussed the procedures for the challenge of evidence of identification in *Smith and Samuels v. State*, 6 Md. App. 59.