243 So.2d 385

**Jimmy Ray AKINS, alias**

**v.**

**STATE.**

**5 Div. 43.**

Court of Criminal Appeals of Alabama.

Jan. 12, 1971.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

Charles A. Nix, West Point, for appellant.

**402**

CATES, Judge.

Assault with intent to murder: sentence, 20 years. Code 1940, T. 14, § 38.

The gist of the prosecution's proof was that a girl of about two years of age was severely beaten. Bruises were on all her limbs, torso and head. About February 16, 1970, Akins, in the office of the judge of probate (who then was acting as Juvenile Court Judge) spontaneously stated that he whipped the child. No lawyer attended him when he said this.

I

We hold that this statement was not within the restrictions of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

Moreover, we do not think the Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, should be applied retroactively.

II

In brief, appellant argues that the trial judge erred in charging the jury that "murder" as embraced in the statute of concern included first and second degree murder as defined in Code 1940, T. 14, § 314.

Concededly § 314, supra, stems from an 18th Century effort, probably initiated by the Pennsylvania Legislature, to reduce the number of capital murders and, hence, arguably is nothing but putting Common Law murder into two compartments.

However, our Supreme Court has held that "murder" in § 38, supra, is Common Law murder only. Johnson v. State, 42 Ala.App. 511, 169 So.2d 773.

Nevertheless, since no exception was taken to the oral charge, this claim of error has not been reserved for our consideration. Alabama has no plain error doctrine except as construed in the Automatic Appeal Act.

III

We consider that the sufficiency of the evidence is not before us. See Alexander v. State, 44 Ala.App. 143, 204 So.2d 486; Trussell v. State, 44 Ala.App. 194, 195, 204 So.2d 839.

IV

Venue was not questioned in the trial court as prescribed in Circuit Court Rule 35.

We have reviewed the entire record under Code 1940, T. 15, § 389 and are at the conclusion that judgment below is to be

Affirmed.