263 So.2d 516

**Walter C. THOMAS**

v.

**STATE.**

**4 Div. 150.**

Court of Criminal Appeals of Alabama.

May 23, 1972.

Arch B. Ferrell, Phenix City, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant filed his petition for the writ of error coram nobis in the Circuit Court of Russell County on February 18, 1971. The writ was dismissed after hearing by the court on March 30, 1971, from which order the appellant has appealed.

On the hearing in the circuit court, the appellant was represented by an attorney whom he employed, but on appeal he is declared indigent and represented by court appointed counsel and transcript of the full record furnished as required by order of the court.

The gravamen of the petition is that appellant in the proceedings leading to his conviction was arrested and interrogated in absence of counsel; that he was denied due process of law in that at the preliminary hearing before a magistrate he was not represented by counsel; that counsel failed to adequately and effectively discharge his duties in the preparation and handling of his case and that he was not duly arraigned in open court upon the charge against him.

Upon arraignment on April 13, 1970, the appellant, in open court and in the presence of his attorney, entered a plea of not guilty. On the trial date, May 20, 1970, he withdrew the plea of not guilty in open court in the presence of the attorney, who concurred. This concurrence was made after his counsel had thoroughly examined the evidence supporting the charge, evaluated the chance of conviction and likely sentences, and had secured an agreement with the district attorney to suggest to the court the minimum sentence. The court ascertained from appellant that this action was voluntary on the part of appellant and advised him of possible consequences. No assurance or even encouragement was given the appellant of probation, especially in view of his record. A hearing on the

application for probation was set and denied by the court.

 No evidence of any statement made by the appellant as the result of any interrogation by officers was introduced by the state. There is a complete failure of proof of any harm to his case resulting from this ground of the petition.

After a careful reading of the record, it is our opinion that counsel for appellant was diligent in his investigation and preparation of the appellant's case and that his interests were best served by the bargaining of his counsel with the state, which resulted in the plea of guilty with minimum sentence of two years.

And, lastly, the appellant contends in the well written brief of his counsel on this appeal, that under the case of Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, the failure to provide appellant with an attorney at the preliminary hearing, a critical stage of the proceedings, was error, entitling the appellant to a favorable judgment on his petition. *Coleman* was decided by the Supreme Court of the United States on June 22, 1970, and the preliminary trial in the case at bar was held on October 6, 1969. The United States Supreme Ct., Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202, has held that the rule above referred to, set out in *Coleman,* supra, is not retroactive. See Akin v. State, 46 Ala.App. 401, 243 So.2d 385. This conclusion seems to have been reached in many other courts which have considered this question. See Bonner v. Pate (7th Cir. 1970), 430 F.2d 639; Konvalin v. Sigler (8th Cir. 1970), 431 F.2d 1156; Phillips v. North Carolina (4th Cir. 1970), 433 F.2d 659, and Billings v. State, 10 Md.App. 31, 267 A.2d 808 (1970).

After a careful study of the record, we have found no error and the judgment of the court should be and hereby is affirmed.

Affirmed.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

PRICE, P. J., and CATES, ALMON, TYSON and HARRIS, JJ., concur.