J. R. Herring, Dothan, for appellant.

270 So.2d 688

**Dennis A. DINKINS**

v.

**STATE.**

**4 Div. 139.**

Court of Criminal Appeals of Alabama.

Dec. 5, 1972.

**258**

William J. Baxley, Atty. Gen., and Sarah V. Maddox, Asst. Atty. Gen., for the State.

**JOSEPH A. COLQUITT, Circuit Judge.**

Appellant was convicted of the offense of murder in the first degree and sentenced to life imprisonment in the penitentiary. From this judgment, he takes this appeal.

According to the state's evidence, Samuel Edward Gray was found dead in a corn field near Webb, Alabama, in Houston County on November 12, 1970. After an autopsy, it was determined that death had resulted from a bullet wound to the head.

Testimony showed that Jessie Jackson was in his apartment on the night of October 29, 1970, with John Carter, Howard Lynn and someone called Clese when Dinkins arrived sometime around 10:30 to 11:00 P. M., with Samuel Gray, Howard Wall, Mary Jane Murphy and a person named Thigpen. While at this place, some discussions were held concerning narcotics, and narcotics were taken by some of the people in the apartment. Testimony showed further that prior to midnight, Dinkins, Jackson, and Gray departed together in Gray's automobile.

Jessie Jackson testified that during the time at the apartment, Dinkins asked Jackson if he knew where a gun might be obtained, to which Jackson replied that he would try to get one. Dinkins, Jackson, and Gray then left in Gray's car and proceeded to the home of one Larry Hollis. Jackson obtained a pistol from Hollis and gave it to Dinkins. The three men then departed, and while traveling down Old Webb Road near Webb, Alabama, the car gave out of gas. All three men then started walking back to Dothan. While walking, Gray called Dinkins a name. Dinkins then pulled the gun from his pocket and pushed Gray toward a nearby corn field. He told Gray to remove his jacket, watch and ring, and to empty his pockets. Dinkins then told Gray he was going to kill him, and he shot Gray in the head. Dinkins and Jackson then left the scene; and while walking back to Dothan, Dinkins gave Jackson the gun and told Jackson that if he said anything he would kill him too.

Testimony of the witnesses showed further that Dinkins and Jackson returned to Jackson's apartment about daylight of the morning of October 30, 1970.

Howard Hall testified that Dinkins told him he had "offed" Gray. He further testified that Dinkins showed him a watch and a ring and Dinkins said they belonged to Gray. Hall later testified on recross examination that Jackson had said, "they had offed the devil."

Dinkins testified in his own behalf. He said he left Jackson's apartment with Gray and Jackson, but later got out of the automobile and returned to his home. Appel-

lant further testified he did not kill Gray and was not present when Gray was killed. He testified that during the early hours of October 30, 1970, Jackson came to Appellant's home and they went back to Jackson's apartment. Dinkins further testified that Jackson gave him a ring on October 30, 1970, and asked him to pawn the ring for him, which Appellant did on November 5, 1970.

Maggie Lee, Appellant's girlfriend, testified that Dinkins left home around 10:00 P.M., on October 29, 1970, but returned and was at home when she went to bed around midnight.

Appellant contends that Jessie Jackson was an accomplice, and there was not sufficient evidence tending to corroborate Jackson's testimony. Section 307, Title 15, Code of Alabama, 1940.

Appellee contends the evidence fails to show that Jackson was in fact an accomplice.

The questions of complicity *vel non* of Jackson and corroboration *vel non* of his testimony are not subject to review. There was no motion to exclude the evidence; no request for the affirmative charge; no motion for a new trial. Alexander v. State, 44 Ala.App. 143, 204 So.2d 486, cert. denied, 281 Ala. 457, 204 So.2d 488; Edwards v. State, 44 Ala.App. 196, 205 So.2d 246.

We have carefully considered the entire record and find no reversible error therein.

The foregoing opinion was prepared by Hon. Joseph A. Colquitt, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Sec. 38, T. 13, Code 1940, as amended; the Court has adopted his opinion as its own.

The judgment in this cause is, therefore, due to be and the same is hereby,

Affirmed.

CATES, P. J., and ALMON, TYSON, HARRIS and DeCARLO, JJ., concur.