## LESLIE MICHAEL RASSMUSSEN *v.* STATE OF MARYLAND

[No. 785, September Term, 1972.]

*Decided July 13, 1973.*

The cause was argued before GILBERT, MENCHINE and DAVIDSON, JJ.

*James J. White, III* for appellant.

*Mary Elizabeth Kurz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Richard R. Cooper, State's Attorney for Kent County,* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

Leslie Michael Rassmussen entered a plea of *nolo contendere,* Md. Rule 723, on May 21, 1969, in the Circuit Court for Kent County, to Indictments No. 1561, (possession of marijuana) No. 1562, (control of marijuana), and No. 1563 (selling marijuana). Thereafter, on October 8, 1969, Rassmussen was sentenced on Indictment No. 1561 to three years, dating from March 23, 1969, under the jurisdiction of the then Department of Correctional Services. Sentence was suspended and Rassmussen was placed on probation under supervision "for a period of three (3) years after he is

released from his present confinement." On Indictment No. 1562, Rassmussen received a similar three year sentence consecutive to that imposed in No. 1561. That sentence was also suspended and he was placed on probation for a period of three years consecutive to the probation imposed in Indictment No. 1561. On Indictment No. 1563, he received a third three year sentence which was consecutive to the sentences imposed in Nos. 1561 and 1562. The sentence was suspended and he was placed on probation under supervision "for an indeterminate period of time." [1]

Although the record is silent as to when the probation actually started, a Department of Parole and Probation printed form entitled "Rules and Conditions of Probations," which was addressed to Rassmussen, states in part:

"In accordance with authority conferred by the Maryland Parole and Probation Laws, you are being released on probation this date, October 8, 1969, (Fr: 3-23-69) an indefinite period, by the Hon. George B. Raisin, Jr., Judge, sitting in and for the Kent County Circuit Court at Chestertown, Kent... County, Maryland."

The quoted form was signed by Rassmussen on October 9, 1969, and witnessed by his then probation officer.

Rassmussen's behavior during the probationary period was erratic. On January 12, 1970, he was charged with violation of probation. At that time, Judge Raisin advised Rassmussen of his rights and further stated that "the County or State would not furnish Counsel for him." Rassmussen requested and was granted an opportunity to employ an attorney. The case was continued until January 16, 1970. When Rassmussen next appeared before the court without counsel, he stated that he did not desire any additional time to employ a lawyer, and he elected to proceed at that time without the services of counsel. Judge

---

1. No question was raised here or in the hearing court as to whether or not probation had actually expired on Indictment No. 1561, nor was the legality *vel non* of the indeterminate period of probation imposed under Indictment No. 1563 presented here or below.

Raisin then found Rassmussen to have violated the conditions of his probation and remanded him to the custody of the sheriff of Kent County. Approximately two months later, Rassmussen was again taken before the judge for a "Dispositional hearing" and again advised of his right to employ counsel. Rassmussen again elected to proceed without an attorney. Notwithstanding the finding of January 16, 1970 that Rassmussen had violated probation, the hearing judge continued Rassmussen's probation. On June 27, 1972, Rassmussen was again charged with violation of probation, and on November 28, 1972 he was once more advised of his right to an attorney "at his own expense." [2] He elected to represent himself. An evidentiary hearing was scheduled for December 7, 1972.

At that hearing, a probation officer told the court that Rassmussen had failed to stay employed and that he had been charged in Ocean City, Maryland, with assault, disorderly conduct, and resisting arrest. Additionally, Rassmussen failed to appear in answer to the charges and, instead, absconded to Parker, West Virginia, from whence he was returned to Maryland. At the end of the hearing the trial judge stated:

> ". . . [T]he Court finds that you have violated your probation by failing to advise the Probation Officer or Department of where you were currently living or employed at all times."

After observing that Rassmussen had not taken advantage of the opportunities afforded him, the judge stated:

> ". . . [I]n each of these cases, #1561, #1562, and #1563, . . . probation is stricken and the sentence is executed, that these terms will be served consecutively."

In this Court, Rasmussen asserts that he was "prejudiced by not having assistance of counsel at his violation of probation hearing." He relies upon *Argersinger v. Hamlin,*

---

2. The transcript does not show the quoted language, but the docket entries as to all three cases, *i.e.,* Nos. 1561, 1562 and 1563 do so state.

407 U. S. 25, 92 S. Ct. 2006, 32 L.Ed.2d 530 (1972), and *Mempa v. Rhay*, 389 U. S. 128, 88 S. Ct. 254, 19 L.Ed.2d 336 (1967) to bolster his position. We think that his reliance upon both *Argersinger* and *Mempa* is misplaced. *Argersinger* held that absent a knowing and intelligent waiver, a person could not be imprisoned for an offense unless he was represented by counsel at *trial*. We have held in *Knight v. State*, 7 Md. App. 313, 255 A. 2d 441 (1969) that a revocation of probation hearing is not such a *trial*. *Argersinger* is inapposite.

In *Mempa*, the Supreme Court stated that a probationer is entitled to be represented by appointed counsel at a "combined revocation and sentencing hearing." *See Gagnon v. Scarpelli*, 411 U. S. 778, 93 S. Ct. 1756, 36 L.Ed.2d 65 [13 Cr. L. 3081, decided May 14, 1973].

In *Knight, supra,* we said that *Mempa* affected the rules as to revocation of probation only when the *imposition* of the sentence was deferred at the time of the trial on the substantive offense. It was not applicable when, at the trial for the substantive offense, the sentence was imposed, and the *execution* of the sentence was conditionally suspended.

Recently, in *Laquay v. State*, 16 Md. App. 709, 299 A. 2d 527 (1973), we reiterated our holding in *Knight v. State, supra*, that while, as a general rule, counsel is not required at a revocation of probation hearing, an exception arises when a defendant was not sentenced prior to his being placed on probation. We further stated in *Laquay*, at 723, what we have previously indicated in *Knight*, at 319-321:

> "The appointment of counsel for an indigent is constitutionally required, in the absence of an effective waiver, when due process would be affronted, in that, for lack of counsel the probationer would be at such a disadvantage that an ingredient of unfairness actively operates in the process leading to the revocation of his probation."

In *Laquay*, at n.6, we observed that *Gagnon v. Scarpelli, supra,* was then pending in the Supreme Court. *Laquay* as decided on January 29, 1973; *Gagnon* was decided on May 14, 1973. The Supreme Court held that the need for counsel at a

revocation of probation hearing ". . . must be made on a case-by-case basis in the exercise of a sound discretion. . . ." Mr. Justice Powell, speaking for the majority,[3] further said:

> "It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. *Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate and that the reasons are complex or otherwise difficult to develop or present.* In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. *In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record."* (Emphasis supplied).

We find nothing, however, in *Gagnon v. Scarpelli, supra,* to indicate that it must be applied retroactively, and we decline to so hold. In determining whether or not a decision

---

**3.** Mr. Justice Douglas was the lone dissenter. He argued that due process required the appointment of counsel for Scarpelli "in this case because of the claim that [Scarpelli's] confession of the burglary was made under coercion."

is to be viewed retroactively or non-retroactively, three considerations are to be utilized. These considerations are set forth in *Stovall v. Denno,* 388 U. S. 293, 297, 87 S. Ct. 1967, 18 L.Ed.2d 1199 (1967), as:

> "The criteria guiding resolution of the question implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) on the effect of the administration of justice of a retroactive application of the new standards."

*See Scott v. State,* 7 Md. App. 505, 516-517, 256 A. 2d 384 (1969).

In *Johnson v. New Jersey,* 384 U. S. 719, 728, 86 S. Ct. 1772, 16 L.Ed.2d 882 (1966), the Court said:

> ". . . [T]he retroactivity or nonretroactivity of a rule is not automatically determined by the provision of the Constitution on which the dictate is based. Each constitutional rule of criminal procedure has its own distinct functions, its own background of precedent, and its own impact on the administration of justice, and the way in which these factors combine must inevitably vary with the dictate involved."

See also *Billings v. State,* 10 Md. App. 31, 267 A. 2d 808 (1970), wherein we opined, at 36:

> "It is clear from *Stovall v. Denno, supra,* that the constitutional right to counsel, although retro-actively applied *with respect to the trial itself, Gideon v. Wainwright,* 372 U. S. 335, [83 S. Ct. 792, 9 L.Ed.2d 799 (1963)], . . . is not necessarily to be so applied with respect to all critical stages of the prosecution." (Emphasis supplied).

A revocation of probation hearing is, as we have previously noted, neither a trial nor a critical stage of the prosecution.

By whatever standard is applied to determine the

retroactivity or non-retroactivity of decisions, one must conclude that *Gagnon* is not to be applied retroactively. A retroactive application of *Gagnon* would create chaos in the administration of criminal justice and necessitate in the first instance a hearing to determine whether or not the appointment of counsel is required under the facts of the particular case. If it is so concluded, then in the second instance a rehearing on the merits would be required. If counsel would not be required, the "grounds for refusal" must be "stated succinctly in the record."

Inasmuch as we decline to give retroactive viability to *Gagnon,* we look then to the law as it existed at the time of Rassmussen's hearing for violation of probation. The law then in effect had been explained in *Knight v. State, supra,* and *Laquay v. State, supra.*

Unlike Laquay, Rassmussen did not request the assistance of counsel except for the purpose of this appeal. Nevertheless, even if he had sought the services of a court-appointed attorney, we think due process would not have been affronted, under the factual situation of this case, had such appointment been refused. There is nothing in the record before us that gives rise to an inference that Rassmussen, because of lack of counsel, was put "at such a disadvantage that an ingredient of unfairness" crept into the proceedings.

*Order affirmed.*