299 So.2d 321

**Dudley Dee GOULDEN, III, alias**

**v.**

**STATE.**

**3 Div. 260.**

Court of Criminal Appeals of Alabama.

June 4, 1974.

Charles C. Carlton, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

First degree forgery: sentence, twenty years. Code 1940, T. 14, §§ 199 & 207.

I

The appellant in brief asks us to emulate our decision in Pierce v. State, 52 Ala.App. 422, 293 So.2d 483 (1973), see also Ex parte State ex rel. Attorney General, 292 Ala. 745, 293 So.2d 489 (1974).

However, here there was no evidence before the trial judge which comes within the scope of Pate v. Robinson, 383 U.S.

375, 86 S.Ct. 836, 15 L.Ed.2d 815. Indeed, in brief appellant advises us that the State filed a certified copy of an order of the United States District Court for the Middle District of Alabama under date of June 6, 1973.

This order rests on 18 U.S.C., § 4244 and recites that the appellant therein called Charles Lloyd Davis, a. k. a. Dr. Dudley Dee Goulden, III, had been psychiatrically evaluated at the Federal Center at Springfield, Missouri. The Court, per Frank Johnson, Jr., Chief Judge, found Davis mentally competent to stand trial.

Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, has not abolished the presumption of sanity. Rather it requires the trial judge to be alert to manifestations which call for him to set in train a judicial enquiry to assure that the defendant is able to understand the proceedings against him and can properly assist his counsel in the defense thereof.

Here, there was no scintilla of mental incompetency other than the naked and unexplained averments of counsel. The appellant was tried August 1, 1973, some 56 days past the Federal Court order.

Appellant argues that the State should have adduced the psychiatric report on him prepared at Springfield. However, nowhere in the record do we find that he made any effort to obtain a copy of it. See Parsons v. State, 251 Ala. 467, 38 So.2d 209, for procedure. We find no error.

II

The appellant was convicted on the uncorroborated testimony of an accomplice. However, the record before us is unprotected.

In the oft-cited case of Alexander v. State, 44 Ala.App. 143, 204 So.2d 486, Price, P. J. wrote:

"We are of opinion the record does not show corroboration of the testimony of the admitted accomplices, but no rul-

ing of the trial court was invoked as to this point.

"There was no motion to exclude the evidence; no request for the affirmative charge; no motion for a new trial. It is our opinion the question is not presented for our consideration. ·Pugh v. State, 239 Ala. 329, 194 So. 810; Caldwell v. State, 36 Ala.App. 229, 55 So.2d 211; Fuller v. State, 38 Ala.App. 493, 90 So. 2d 244."

At Common Law, unlike our Code 1940, T. 15, § 307, a felony conviction could ordinarily rest on the uncorroborated testimony of an accomplice. We perceive no constitutional requirement of corroboration except in cases of treason. Therefore, the trial court will not here be put in error where there was a waiver of the statutory right.

The judgment below, having been scrutinized under Code 1940, T. 15, § 389, is hereby

Affirmed.

All the Judges concur.