CHARLES CALVIN SOLES *v.* STATE OF MARYLAND

[No. 814, September Term, 1980.]

*Decided April 9, 1981.*

The cause was submitted on briefs to GILBERT, C. J., and MORTON and MOYLAN, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Michael R. Braudes, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Michael A. Anselmi, Assistant Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *William T. Shockley, Assistant State's Attorney for Prince George's County,* for appellee.

GILBERT, C. J., delivered the opinion of the Court.

The question posed by this appeal is whether *United States v. Chadwick,* 433 U.S. 1, 97 S. Ct. 2476, 53 L. Ed. 2d 538 (1977) should be retroactively applied to a 1971 criminal

conviction. If *Chadwick* is so applied, the appellant, Charles Calvin Soles, will receive a new trial, and some evidence will be excluded. On the other hand, if *Chadwick* is not interpreted to be retroactive, no new trial will be forthcoming.[1]

We observe that in *Soles v. State,* 16 Md. App. 656, 299 A.2d 502, *cert. denied,* 415 U.S. 950 (1973),[2] we affirmed the conviction of Soles for having violated the Controlled Dangerous Substances Laws of this State and for attempted bribery. The facts of that case are fully set out in our reported opinion, and we see no reason why we should retravel that route. Instead, we shall only refer to the facts necessary to explain the appellant's contention in this appeal.

A warrantless stop and search of appellant's motor vehicle was made by Washington D.C. Metropolitan Police "moments after it had crossed the Maryland line into Prince George's County." The arresting officer demanded that Soles "produce the keys to the trunk" of the car. Upon opening the lid, the officer "discovered a dark-colored briefcase. It was locked. After the appellant failed to produce a key for the briefcase, the police snapped it open. Much of the incriminating evidence was found inside the briefcase. The rest had been found inside the locked trunk."

We are here concerned with the content of the briefcase rather than of the trunk.

Soles argues that *Chadwick* has retroactive application, and that as a result of applying it to him, the search of his briefcase was an unconstitutional invasion of his Fourth Amendment rights. To underpin his position, Soles cites us to *Shingleton v. State,* 39 Md. App. 527, 539, 387 A.2d 1134, 1141 (1978) where we said, in note 6:

> "Although *Chadwick* was handed down subsequent to the trial of the case *sub judice,* we believe its decision, reaffirming established standards of

---

1. The post conviction proceeding did not contest the conviction for attempted bribery.

2. Certiorari was granted in April 1973, 268 Md. 753 (1973), but subsequently dismissed on October 12, 1973 "as improvidently granted."

search and seizure, may be viewed retroactively in accordance with the considerations set forth in Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199, 1203 (1967):

'The criteria guiding resolution of the question implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards.'

See Rassmussen v. State, 18 Md. App. 443, 448-50, 306 A.2d 577, 580 (1973); Scott v. State, 7 Md. App. 505, 516-18, 256 A.2d 384, 391-92 (1969)."

*Shingleton* does not stand for the proposition that *Chadwick must* be viewed retroactively in all events. Our dictum in note 6 is no part of the holding. We were merely endeavoring to explain why we were applying *Chadwick* to *Shingleton,* even though *Chadwick* had not been decided at the time of the trial of Shingleton in the circuit court. We wanted to make clear that *cases pending on appeal were controlled by Chadwick,* inasmuch as there was no final judgment in any pending case. *United States v. Peltier,* 422 U.S. 531, 535, n. 5, 95 S. Ct. 2313, 2316, 45 L. Ed. 2d 374, 380 (1975).

There was no penalty for violation of the rights protected by the Fourth Amendment until the exclusionary rule was fashioned as an effective method of enforcing the Fourth Amendment guarantees. The rule is used as a sanction against the police whenever they unconstitutionally seize physical evidence. The exclusion of evidence is for the express purpose of deterring illegal police searches and seizures. *Stone v. Powell,* 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976); *Johnson v. State,* 282 Md. 314, 384 A.2d 709 (1978); *Duncan v. State,* 34 Md. App. 267, 366 A.2d 1058 (1976), *aff'd,* 281 Md. 247, 378 A.2d 1108 (1977); *United States v. Harper,* 419 F. Supp. 951 (D.C. Md. 1976). The

philosophy behind the rule is deterrent, not remedial. *Id.* Thus, when, as here, the police perform what is generally believed to be a valid search, but an appellate court, in a subsequent holding in another case, invalidates the type of search used, the invalidation does not require retroapplication to any case that has been finally adjudicated. Put another way, the exclusionary rule will not be applied retrospectively to any case that has been finally adjudicated — *i.e.,* affirmed on appeal and no certiorari pending, or no timely appeal was taken in the first instance.

Unquestionably, the law in this State, prior to *Chadwick-Shingleton,* appeared to allow the police to do exactly what they did in the instant case. *See Soles v. State, supra,* and *Carroll v. United States,* 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925). In *Soles,* which was decided prior to *Chadwick,* we believed the briefcase found in the car to be part and parcel of the car, and items subject to search under the motor vehicle exception. The police in the instant case had a right to rely upon the pre-*Chadwick* standard.

No useful purpose will be served by applying a retroactive effect to *Chadwick.* In fact, such an application might wreak havoc with the administration of justice. We decline to construe *Chadwick* as applying to any case in which final judgment had been rendered prior to the time the Supreme Court decided that matter.

As we see it, Judge Femia correctly denied the appellant's application for post conviction relief.

> *Order affirmed.*
> *Costs to be paid by appellant.*