BOWEN, Presiding Judge.
Vernon Crowder was indicted and convicted for the attempted murder of Leonard Oneal Mitchell. Sentence was twenty years’ imprisonment. On appeal, Crowder argues that he was convicted on the uncorroborated testimony of his accomplice, David Handback, in violation of Alabama Code Section 12-21-222 (1975). We disagree.
Crowder pled not guilty and not guilty by reason of self-defense. However, at trial, he testified that he had been taking Valium and drinking and did not remember shooting Mitchell: “I don’t know if I shot the man or not shot him. I don’t know.” On appeal, Crowder recognizes that “it seems undisputed that either Handback or Crowder fired the shots”, three of which struck Mitchell.
Here, there was no written or oral motion to exclude the State’s evidence, no motion for a judgment of acquittal before the submission of the case to the jury or after the verdict or judgment of conviction, no motion for a new trial and no motion in arrest of judgment. The record contains no objection in any manner or form challenging or questioning the sufficiency of the evidence. The jury was not instructed on the legal principles involved in the corroboration of accomplice testimony.
The issues of whether a witness is an accomplice and whether that testimony has been corroborated must be presented to the trial judge or else those issues are waived. Ward v. State, 376 So.2d 1112 (Ala.Cr.App.), cert. denied, Ex parte Ward, 376 So.2d 1117 (Ala.1979); Goulden v. State, 53 Ala.App. 276, 299 So.2d 321 (1974). This reason alone justifies the af-firmance of Crowder’s conviction.
However, even if Handback be considered an accomplice, there is a wealth of evidence to corroborate his testimony. Peoples v. State, 418 So.2d 935 (Ala.Cr. App.1982); McCoy v. State, 397 So.2d 577 (Ala.Cr.App.), cert. denied, Ex parte McCoy, 397 So.2d 589 (Ala.1981); Jacks v. State, 364 So.2d 397 (Ala.Cr.App.), cert. denied, Ex parte Jacks, 364 So.2d 406 (Ala. 1978).
Despite the lack of objection, we have reviewed the entire record and found the evidence sufficient to support the conviction. As an alternative to reciting the testimony presented at trial, we simply note that the facts show that both Crowder and Handback had the motive, means, and opportunity to shoot Mitchell. In addition, Handback testified that Crowder shot at Mitchell five times with a .22 caliber automatic rifle. Which one actually fired the shots was an issue only the jury could decide. Dolvin v. State, 391 So.2d 133 (Ala. 1980).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.