204 So.2d 488

**Henry ALEXANDER**

**v.**

**STATE.**

**6 Div. 462.**

Supreme Court of Alabama.

Oct. 26, 1967.

Longshore & Longshore, Birmingham, for petitioner.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., opposed.

HARWOOD, Justice.

In support of appellant's petition for a writ of certiorari to review the decision of the Court of Appeals, 44 Ala.App. 143, 204 So.2d 486, counsel for appellant-petitioner asserts that the Court of Appeals "erred in holding it was without jurisdiction to reverse this cause because the defendant failed to properly present a motion in the lower court calling attention to the fact that there was not sufficient corroboration of the accomplice's testimony to authorize conviction."

 At common law, the testimony of an accomplice, although entirely without corroboration, will, if otherwise sufficient, support a verdict and judgment of conviction. 30 Am.Jur.2d, Evidence, Sec. 1151. Such is also the rule in the federal courts. United States v. Moran, 2 Cir., 151 F.2d 661; Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442.

By Sec. 307, Title 15, Code of Alabama 1940, it is provided that a conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.

This section merely creates a statutory rule, and not a constitutional right.

Whether there is any evidence corroborating the accomplice witness, and tending to connect a defendant with the commission of an offense, is a question of law for the court, the weight and credibility of such evidence being for the jury. Fuller v. State, 34 Ala.App. 211, 39 So.2d 24; Slayton v. State, 234 Ala. 1, 173 So. 642.

The three usual methods to present the law question of lack of corroboration to the trial court is by (1) a written or oral motion to exclude the state's evidence, or (2) by a written request for the affirmative charge, or (3) by a timely filed and presented motion for a new trial asserting the lack of corroboration as a ground of the motion. Leonard v. State, 43 Ala.App. 454, 192 So.2d 461.

When none of the above methods is invoked, the trial court has not been presented with an opportunity to rule on this question of law, and therefore cannot be cast in error under the circumstances.

This petition for a writ of certiorari to the Court of Appeals is due to be denied.

Writ denied.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.