This is an appeal from an adjudication of delinquency against Darrell Burttram involving the theft of a bicycle. The Juvenile Court sentenced Burttram to serve eight *Page 498 
days in the Robert Reaves Center for Children and placed him on probation for one year.
On appeal, Burttram argues that his "conviction" is based on the unsupported and uncorroborated testimony of a co-conspirator and co-defendant and that there was insufficient evidence before the juvenile court to support a finding of delinquency beyond a reasonable doubt.
An adjudication of delinquency is not considered to be a conviction. Alabama Code Section 12-15-72 (a) (1975). However, the quantum of evidence required to establish the guilt of the juvenile in a delinquency proceeding is "proof beyond a reasonable doubt, based upon competent, material and relevant evidence." Section 12-15-65 (d). A.R.Juv.P. 25 (A) further provides:
 "If the allegations of the petition are denied, the court shall direct that testimony of witnesses be taken. The conduct of the hearing shall be consistent with legal and due process requirements and shall proceed generally in a manner similar to the trial of a civil action before the court sitting without a jury, except that the child may not be compelled to be a witness."
Here, we need not decide whether or not the rule requiring corroboration of accomplice testimony to support a criminal conviction (Alabama Code Section 12-21-222 (1975)) applies to a juvenile proceeding wherein the child is sought to be adjudicated a delinquent. Courts have split on the question of whether the requirement of corroboration should also be imposed in juvenile cases. Annot. 43 A.L.R.2d 1128, Section 5 (1955); IJA-ABA Joint Commission On Juvenile Justice Standards, Adjudication Section 4.2 (1980) (recommending that evidentiary limitations in juvenile cases should be based entirely upon a jurisdiction's criminal rules of evidence). A strong argument can be made that the corroboration rule should apply in juvenile delinquency determinations since many of the evidentiary limitations in criminal cases are statutorily imposed in juvenile cases. Section 12-15-66. Our Supreme Court has held that a revocation of probation, Armstrong v. State,294 Ala. 100, 312 So.2d 620 (1975), or the transfer of a juvenile to the criminal division of circuit court for treatment as an adult, Vincent v. State, 349 So.2d 1145 (Ala. 1977), may be based upon the uncorroborated testimony of an accomplice because both of those determinations involve a finding of probable cause and not guilt. In contrast, a delinquency hearing involves a determination of guilt. Although there is no constitutional requirement for the rule of corroboration in a delinquency adjudication, there are valid and compelling policy considerations for imposing such a limitation. Smith v. State, 525 P.2d 1251, 1253 (Okla.Cr.App. 1974).
In this case, we need not answer this question because we find that the testimony of any alleged accomplice was corroborated by the evidence.
Anthony Lee Densmore testified that he, Darrell Burttram, and his brother, Curtis Burttram, "were talking about stealing the bike and me and Curtis was sitting behind the car and then we saw Darrell going by on the bike." Densmore and Curtis ran after and caught up with Darrell, each "walked" the bike along the railroad tracks and the three boys made the decision to throw the bike "in the bushes." The next day the three youths returned to the railroad tracks and disassembled the bicycle.
Cherry Thomas testified that someone stole her son's bike. She corroborated Densmore's testimony that Densmore, Curtis, and Darrell had been together the night the bike was stolen. She further stated that two weeks later the Burttram brothers brought her two wheels and the frame and wanted the reward which had been offered. Mrs. Thomas refused to pay the reward because she did not consider the parts "a whole bicycle." The brothers left the parts with Mrs. Thomas.
Mrs. Thomas and the Burttram brothers lived in the same apartment complex. The night the bicycle was stolen, Jimmy Melton saw the Burttrams standing behind Mrs. Thomas' townhouse, which was not in the *Page 499 
vicinity of the Burttrams' own apartment. At that time the bike was "sitting there". After telling the boys to leave, Melton went to the store. Upon returning, he noticed the bike was not there.
Darrell Burttram presented an alibi defense. His father testified that both his sons were home watching television with him at the time the bicycle was stolen. Mrs. Burttram confirmed her husband's testimony.
Huntsville Police Officer Hollis Lowery, Jr. worked part-time as a security guard at the Madison Garden Apartments. Called by the defense, his testimony indicated that he suspected the Burttram brothers of the theft because of their reputation in the community. He stated that they "were seen by myself within five to ten minutes of the time my bike was stolen, you know, by my apartment" and that was the reason he asked Densmore about the Burttrams. Lowery also stated that "other people" told him that "when something would go wrong they (Burttram boys) would have been seen in the area — things like that, . . . out late at night when the laundry room would get broken into or cars."
Sixteen-year-old Darrell Burttram testified in his own behalf that he and his brother were home watching T.V. on the night of the theft. He admitted possession of parts of a bicycle but claimed that Densmore gave them to him and that he gave them to his cousin. He testified that the parts he and his brother gave Mrs. Thomas were "the bike parts that my brother had found in the woods."
The contention that Darrell was convicted on the uncorroborated testimony of an accomplice was not raised in the juvenile court. In a post-conviction "motion for transcript" whereby Burttram requested the juvenile court judge to order the court reporter to prepare a transcript for appeal, it is alleged that the conviction "was in violation of the due process clause." Nowhere in the record do we find any objection to the sufficiency of the evidence or the necessity of corroboration. "Whether there is an accomplice witness and whether he has or has not been corroborated must first be put to the trial judge." Ward v.State, 376 So.2d 1112, 1115 (Ala.Cr.App.), cert. denied, Exparte Ward, 376 So.2d 1117 (Ala. 1979).
Even if the issue of corroboration were properly raised, and even if corroboration is required in a delinquency hearing, we find no error in the record. Sufficient corroboration of the accomplice Densmore is found in the circumstances that Burttram was placed in Densmore's company near the scene and time of the crime and was found in possession of some of the recently stolen property. An accused's entire conduct may be examined and surveyed for corroborating circumstances. Peoples v. State,418 So.2d 935, 938-39 (Ala.Cr.App. 1982). Although no single factor may be sufficient to corroborate the accomplice and tend
to connect Darrell with the theft, the combination of facts and circumstances satisfies the requirement of corroboration.Staton v. State, 397 So.2d 227, 231 (Ala.Cr.App.), cert. denied, 397 So.2d 232 (Ala. 1981). "Evidence of the defendant's possession of property stolen at the time of the offense may also be sufficient to corroborate an accomplice's testimony."Andrews v. State, 370 So.2d 320, 322 (Ala.Cr.App.), cert. denied, Ex parte Andrews, 370 So.2d 323 (Ala. 1979).
We find no error in the record. The judgment of the juvenile court is affirmed.
AFFIRMED.
All Judges concur. *Page 500