This is an appeal by fifteen-year-old Anthony Woodberry from the order of the Juvenile Court of Montgomery County adjudging him delinquent on two charges of breaking and entering a vehicle and one related charge of theft of property in the third degree.
 I
Woodberry was charged in four petitions with (1) breaking and entering an Audi automobile and (2) a related charge of criminal mischief in the third degree, and with (3) breaking and entering a Pontiac Trans Am automobile, and (4) a related charge of theft of property in the third degree. Similar *Page 588 
charges were also filed against Gregory Blue and Jimmy Boyd. The juvenile court ordered the cases against the three juveniles consolidated. However, after objection by Woodberry's defense counsel, the court severed Woodberry and ordered that he be tried separately from the two co-defendants. After the severance, Woodberry proceeded to trial without objection to the consolidation of the four petitions against him.
Now, Woodberry argues that the consolidation of the four petitions was improper under Rule 15.4 (b), A.R.Cr.P.Temp., because the consolidation was not ordered no later than seven days prior to trial as required by Rule 15.4 (b). See Ex parteGlanton, 474 So.2d 156 (Ala. 1985). That rule applies only to consolidation of defendants. Since Woodberry was tried separately, that rule is not applicable. Rule 15.3 (b) does provide that offenses may be consolidated "not later than seven days prior to trial." That rule is not applicable because the Rules of Criminal Procedure do not apply to hearings in the juvenile court.
In Ex parte Vaughn, 495 So.2d 83 (Ala. 1986), the Alabama Supreme Court held that where the issue "is not dealt with specifically in the juvenile rules or by statute", the Rules of Civil Procedure apply:
 "Rule 1 of the Alabama Rules of Juvenile Procedure provides:
 "`These rules govern the procedure for all matters in the juvenile court. If no procedure is specifically provided in these rules or by statute, the Alabama Rules of Civil Procedure shall be applicable to the extent not inconsistent herewith [Because juvenile jurisdiction may be exercised by district courts as well as circuit courts, the Alabama Rules of Civil Procedure referred to in (the juvenile rule) contemplates (the civil rules) as modified for applicability in the district courts where juvenile jurisdiction is exercised at the district court level. Committee Comments to Rule 1, Ala.R.Juv.P.].'
 "The issue with which we are concerned is not dealt with specifically in the juvenile rules or by statute [Rule 25, Ala.R.Juv.P., in pertinent part, provides as follows: `If the allegations of the petition are denied, the court shall direct that testimony of witnesses be taken. The conduct of the hearing shall be consistent with legal and due process requirements and shall proceed generally in a manner similar to the trial of a civil action before the court sitting without a jury, except that the child may not be compelled to be a witness. . . .' (Emphasis added.)]. We therefore turn to the Rules of Civil Procedure. Because hearings in the juvenile court are conducted by the court without a jury (see § 12-15-65 (a), Code 1975), Rule 52 [findings by the court] is applicable."
Ex parte Vaughn, supra.
See also Hicks v. Cornelius, 446 So.2d 647 (Ala.Civ.App. 1984).
The consolidation of juvenile defendants or cases for trial is not dealt with specifically in the juvenile rules or by statute. Therefore, consolidation in juvenile court is governed by the Rules of Civil Procedure. Rule 42 (a), A.R.C.P., provides:
 "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."
"[A] trial court has broad discretion as to whether it will allow consolidation." Bateh v. Brown, 293 Ala. 704, 710,310 So.2d 186 (1975).
Here, all four offenses occurred on the same afternoon between 1:00 and 6:00 in the Eastdale Mall parking lot. Even had Woodberry been tried separately on each petition, evidence of the charges involved in all four petitions would have been admissible in his trial on any one petition to show a single plan, design, scheme, or system and to show criminal intent. C. Gamble, McElroy's Alabama Evidence § 70.01 (5) (3rd ed. 1977). Consequently, Woodberry was *Page 589 
not unduly and unfairly prejudiced by the consolidation.Averette v. State, 469 So.2d 1371, 1374 (Ala.Cr.App. 1985).
 II
Woodberry argues that the evidence is insufficient to support the adjudications of delinquency because that evidence consists of the uncorroborated testimony of an alleged accomplice who is unworthy of belief, and because of the insufficient and unreliable testimony of another witness who testified that Woodberry "looks like" the individual he saw.
In Burttram v. State, 448 So.2d 497, 498 (Ala.Cr.App. 1984), this Court recognized that "there is no constitutional requirement for the rule of corroboration [of accomplice testimony] in a delinquency adjudication, [although] there are valid and compelling policy considerations for imposing such a limitation."
"At common law, the testimony of an accomplice, although entirely without corroboration, will, if otherwise sufficient, support a verdict and judgment of conviction. . . . Such is also the rule in the federal courts." Alexander v. State,281 Ala. 457, 458, 204 So.2d 488 (1967), cert. denied, Alexander v.Alabama, 390 U.S. 984, 88 S.Ct. 1107, 19 L.Ed.2d 1284 (1968) (citations omitted). Section 12-21-222, Code of Alabama 1975, requires the corroboration of an accomplice's testimony for a felony conviction. "This section merely creates a statutory rule, and not a constitutional right." Alexander,281 Ala. at 458, 204 So.2d 488.
We are unwilling to impose the requirement of corroboration in a delinquency adjudication in view of the fact that such additional proof is neither required by statute nor by rule of the Supreme Court.
The Sheriff of Coosa County identified Woodberry as "looking like" the man he saw getting out of the Audi and get into an orange Vega. His testimony that he "thought" he could make a correct identification went to the weight but not the admissibility of his testimony. Little v. State, 357 So.2d 379,383 (Ala.Cr.App. 1978). Fifteen-year-old Bernard Whisenant testified that six cases against him had been nol-prossed. He saw the defendant enter the Audi and the Trans Am. Although he admitted that he was with the defendant and two other individuals in an orange Vega during the time of the crimes, he did not admit to participation in the criminal ventures. "For the corroboration requirement of this section [12-21-222] to apply, however, `it must clearly appear that the witness in question is an accomplice.'" Ex parte Bates, 461 So.2d 5, 6
(Ala. 1984). "The defendant who alleges that a witness is an accomplice has the burden of so proving, unless the evidence presented by the prosecution shows without dispute that the witness is an accomplice." Id. "The mere fact that a witness was present at the scene of a crime does not, in and of itself, make the witness an accomplice." Bates, 461 So.2d at 7. "The fact that a witness has been jointly indicted with the defendant does not per se raise the presumption that the witness was an accomplice." Cumbo v. State, 368 So.2d 871, 876
(Ala.Cr.App. 1978), cert. denied, Ex parte Cumbo, 368 So.2d 877
(Ala. 1979); Jacks v. State, 364 So.2d 397, 401-04 (Ala.Cr.App. 1978), cert. denied, Ex parte Jacks, 364 So.2d 406 (Ala. 1978).
In a statement to the police, Woodberry admitted being present in the Vega and acknowledged witnessing the break-ins which he alleged were committed by two of his three companions. His statement corroborated some of the details of the accomplice's testimony. Because we find that the corroboration requirement does not apply to delinquency adjudications, we need not determine whether the testimony of the accomplice was sufficiently corroborated.
Our review convinces us that Woodberry's adjudication of delinquency is supported by proof beyond a reasonable doubt based on competent, material, and relevant evidence as required by § 12-15-65 (d). The credibility of witnesses and the truthfulness of testimony is for the trier of fact. Willcutt v.State, 284 Ala. 547, 549, 226 So.2d 328 (1969). In resolving questions of *Page 590 
whether the evidence was sufficient to overcome the defendant's motions for judgment of acquittal and sustain the jury verdict, this Court must view the evidence in the light most favorable to the State, and "draw all reasonable inferences and resolve all credibility choices in favor of the trier of fact." UnitedStates v. Irvin, 736 F.2d 1489, 1491 (11th Cir. 1984).
Woodberry's adjudication of delinquency is affirmed.
AFFIRMED.
All Judges concur.