TYSON, Judge.
The State of Alabama’s application for rehearing, filed through its Attorney General, the Honorable Don Siegelman, was granted in this cause and the original opinion issued in this cause bearing date of June 28, 1988, 6 Div. 618, is hereby withdrawn, held for naught and the following is substituted therefor.
This appellant was charged by petition filed through the office of the District Attorney with intentionally causing the death of one Torey R. Page by “stabbing him with a knife” contrary to the provisions of Section 13A-6-2(a)(l), Code of Alabama 1975 as amended.
The trial judge first conducted a preliminary hearing concerning this appellant. Following the recommendation of the probation officer, the judge determined that this appellant be held in detention pending a further hearing on the merits of the State’s petition. A subsequent hearing was then held directly on the allegations of the district attorney’s complaint.
The State’s evidence established that on September 25, 1987, this appellant was riding home from school on a bus along with the deceased, one Torey Page. An argument began between the two boys, who were attending the Davis Middle School at the time. After the boys alighted from the bus, they began to push each other and the pushing became harder. Some three witnesses positively testified that they saw *741 this appellant draw a knife and saw the deceased begin to swing at the appellant with a bedrail. The bedrail was dropped and this appellant then stabbed the deceased in the chest with a knife. This appellant was 15 years of age at the time of this offense.
One of the State’s witnesses, Barbara Rudolph, testified that she did not see the beginning of the affray but did see the knife when this appellant pulled it from the body of the victim. She saw the knife in the appellant’s hand as he walked down the alley after the victim had been stabbed. She did not know who the victim was, but she ran into her mother’s home and telephoned the police.
The boy who had been stabbed stood up, pulled off his shirt and started to run toward his home.
After Rudolph called the police, she went out and saw the victim lying in an alley.
Two persons who were on the school bus on the afternoon of September 25, 1987, described the argument between the two boys and saw them pushing each other as they alighted from the bus. They later witnessed the argument and saw Torey Page swing a bedrail at this appellant. The appellant charged the victim and stabbed him in the chest with a knife. This was positively testified to by two persons at the hearing.
Dr. Robert Brissie performed an autopsy on the victim, Torey Page, on September 26, 1987. The victim’s body had been identified to him by photographs at the time of his examination. He testified as to the presence of a deep stab wound which cut the heart and extended up to the pulmonary artery. (R. 40-41). There were photographs of this wound which were shown. In Dr. Brissie’s opinion, Torey Page died as a result of this stab wound to the chest which caused a great deal of bleeding. (R. 44).
The victim’s mother, Clare Mae Page, examined photographs and, while she saw some differences in the appearance of her son from when she last saw him in a casket, she stated that it was her son in the casket. (R. 46).
One Lashunda Pratt stated that she had known the victim, Torey Page, for some four or five years. She saw the victim in the casket. She stated that his face was swollen and his lips were pale. She identified Torey Page from a photograph as being the one she saw in the casket. There was no doubt in her mind that State’s Exhibit One was a photograph of the victim, Torey Page. She had not seen the photograph prior to the hearing. This witness had also been on the school bus at the time of the argument and heard the appellant state to Torey Page, “I will kill you”, and heard Torey state to the appellant, “You can’t beat me”. She stated that the appellant did not initially have his knife when the argument began, but that, after they began to shove each other, she saw the appellant with a knife in his hand when the victim fell. She stated that Torey Page never hit the appellant with the bedrail.
Bessemer Police Sargeant Lamar Cruse was assigned to investigate this case. He interviewed this appellant in the presence of his parents and sister. The appellant was given a proper Miranda warning and stated that he understood his rights. There were no threats, promises or inducements made or offered to obtain a statement. The appellant then gave a taped statement in which he admitted being in a fight with the victim. He stated that he pulled his knife and stabbed Torey Page in the middle of his body. He stated that Torey did not hit him with the bedrail. He told the officer that he had owned the knife for some four months. He stated that the cause of the argument was that Torey Page had clapped his hands over appellant’s ears while they were on the bus and made comments to him before they alighted.
Charles Turner, the probation officer for the Jefferson County Family Court, made a thorough study of the record and the appellant’s past. He made the recommendation that this appellant be committed to the Department of Youth Services for a set period, namely until his eighteenth birthday. Upon investigation, he found that appellant had no prior criminal record and *742 had shown remorse over the crime. (R. 92). Several teachers, who had this appellant in class, stated that he was a good student, attentive and cooperative. They also stated that he was not a discipline problem.
I
Essentially, the appellant’s argument on appeal is that the State failed to prove the allegations of the petition. We are of the opinion, after careful study, that the State did, in fact, make out a prima facie case as is required by the provisions of Tit. 12-15-65, Code of Alabama 1975 as amended 1987. Moreover, the provisions of § 12-15-66, Code of 1975 were also carefully followed.
As noted by this court, through Presiding Judge Bowen, in Burttram v. State, 448 So.2d 497 (Ala.Cr.App.1984), an adjudication of delinquency under the above code sections is not to be considered as a conviction. The trial court in the instant cause sentenced the appellant to the custody of the Department of Youth Services until his eighteenth birthday. This is in accordance with the authorities herein cited.
II
Appellant’s counsel also challenges the determinations in the trial court that the victim’s remains were not properly identified at trial, that the death in question was not shown to have been caused by the criminal agency of this appellant and that the victim’s death was not satisfactorily proven. We have carefully considered the arguments advanced in brief by counsel for the appellant, including his reply brief.
Under the facts in this cause as heretofore stated, we are of the opinion that the State of Alabama did, in fact, prove a prima facie case and for this reason, the determinations of the trial judge are due to be affirmed. Burttram, supra. See also Walker v. State, 416 So.2d 1083 (Ala.Crim.App.1983) and McBryar v. State, 368 So.2d 568 (Ala.Crim.App.1979), cert. denied, 368 So.2d 575 (Ala.1979).
APPLICATION FOR REHEARING GRANTED; OPINION ISSUED; CAUSE AFFIRMED.
AFFIRMED.
All the Judges concur.