PATTERSON, Judge.
This is an appeal by a 17-year-old juvenile from the order of the Juvenile Division of the Calhoun Circuit Court adjudging him *77 delinquent on charges of assault in the third degree and resisting arrest. Ala. Code, §§ 13A-6-22 and 13A-10-41 (1975). Appellant was charged by delinquency petition with intending to cause and causing physical injury to a police officer by striking the officer with his fists and with intentionally attempting to prevent a police officer from lawfully arresting him and another. After adjudging appellant delinquent on March 4, 1988, the trial court ordered the preparation of a predispositional report and continued the case to April 11, 1988, for disposition. Before the next date, appellant filed a notice of appeal, and the trial court postponed the dispositional hearing, pending the outcome of this appeal.
Appellant raises two issues. He first contends that there was insufficient evidence to support the trial court’s finding that he was delinquent. Second, he contends that the trial court erred in denying him a trial by jury. We find no merit in either of these contentions.
The testimony of the police officers, at the adjudication hearing, clearly established that they were attacked by appellant and others while the officers were attempting to make a lawful arrest. Appellant’s testimony, as well as that of others at the scene of the incident, conflicted with that of the officers; however, these conflicts raise questions of witness credibility, which must be resolved by the trier of fact.
“The credibility of witnesses and the truthfulness of testimony is for the trier of fact. Willcutt v. State, 284 Ala. 547, 549, 226 So.2d 328 (1969). In resolving questions of whether the evidence was sufficient to overcome the defendant’s motions for judgment of acquittal and sustain the ... verdict, this Court must view the evidence in the light most favorable to the State, and ‘draw all reasonable inferences and resolve all credibility choices in favor of the trier of fact.’ United States v. Irvin, 736 F.2d 1489, 1491 (11th Cir.1984).”
Woodberry v. State, 497 So.2d 587, 589-90 (Ala.Cr.App.1986).
We find, from our review of the record, that appellant's adjudication of delinquency is supported by proof beyond a reasonable doubt based on competent, material, and relevant evidence. § 12-15-65(d). The testimony of the police officers is sufficient to enable any rational trier of fact to be convinced, beyond a reasonable doubt, that appellant committed the acts by reason of which he is alleged to be delinquent.
Prior to the adjudication hearing, appellant moved for a trial by jury. This motion was properly denied. Appellant was not entitled to a jury trial in this proceeding. Section 12-15-65(a) provides, in part, as follows: “Hearings under this chapter [‘Juvenile Proceedings’] shall be conducted by the court without a jury and separate from other proceedings.” Appellant contends that A.R.J.P. 28 grants him a right to a jury trial and supersedes § 12-15-65(a). He specifically relies on Section (A)(1)(a) of Rule 28, which provides:
“(A) Direct Appeal to Appellate Courts.
“(1) Appeals from final orders, judgments or decrees of the juvenile court shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, if:
“(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto; or,
“The parties stipulate that only questions of law are involved and the juvenile court certifies the questions.” (Emphasis added.)
Rule 28 does not grant a right to trial by jury. Appellant’s reliance on the rule for this purpose is unfounded. Appellant is not a party entitled to a jury trial referred to in Section (A)(1)(a) of Rule 28, above. See Comment, Rule 28, A.R.J.P.
Appellant’s adjudication of delinquency is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.