599 So.2d 94 (1992)
C.T.L.
v.
STATE.
CR-91-224.
Court of Criminal Appeals of Alabama.
May 15, 1992.
Theresa S. Dean, Opelika, for appellant.
James H. Evans, Atty. Gen., and Robert C. Ward, Jr., Asst. Atty. Gen., for appellee.
JAMES H. FAULKNER, Retired Justice.
The appellant, C.T.L., was arraigned in the Juvenile Court of Lee County on a charge of theft of property in the second degree. The juvenile court held an adjudicatory hearing where evidence was taken ore tenus. Subsequent to the hearing and in compliance with § 12-15-1(9), Code of Alabama 1975, the court found the appellant guilty and adjudged him a delinquent. The appellant was remanded to the Lee County Youth Development Center for detention.
*95 The sole issue presented on appeal is whether the State presented sufficient evidence to support the court's finding that the appellant should be adjudicated a juvenile delinquent.
The appellant contends that his adjudication as a juvenile delinquent should be reversed because the State's sole witness gave inconsistent statements at the delinquency hearing. We disagree.
Section 12-15-65(a), (c), and (d), Code of Alabama 1975, require, respectively, that the juvenile court conduct a hearing to determine the delinquency of a minor, that the court hear evidence and record its findings if the charges are denied, and that the court determine beyond a reasonable doubt that the minor committed the acts alleged.
Our review convinces us that the appellant's adjudication of delinquency is supported by proof beyond a reasonable doubt based on competent, material, and relevant evidence as required by § 12-15-65(d). The credibility of witnesses and the truthfulness of testimony is for the trier of fact to determine. Willcutt v. State, 284 Ala. 547, 549, 226 So.2d 328, 330 (1969). In resolving questions of sufficiency of the evidence, this Court must view the evidence in the light most favorable to the State. Woodberry v. State, 497 So.2d 587 (Ala.Cr. App.1986).
In the instant case, D.L., a student at Beauregard High School, testified at the delinquency hearing that on May 31, 1991, he saw the appellant carrying a jigsaw out of the back door of the vocational building at the high school. D.L. testified that he immediately reported the incident to the band director and to the shop instructor, Mr. Charles Jenkins.
Mr. Jenkins testified at the delinquency hearing that he was cutting grass on the day of the incident and that he had left the large door to the vocational building open because school was over for the day. According to Jenkins, he immediately went to the shop and checked the equipment after D.L. reported the alleged theft. Jenkins testified that the jigsaw was gone and that he contacted the police and his immediate supervisor, Mr. Brown. According to Jenkins, Mr. Brown then contacted the appellant's mother and asked her to accompany the appellant back to school to resolve this matter.
All of these circumstances and the reasonable inferences to be drawn from them support the conclusion that the appellant committed the offense of theft of property in the second degree, and that there was clearly sufficient evidence presented to adjudge the appellant delinquent.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the juvenile court is affirmed.
AFFIRMED.
All Judges concur.