HOUSTON, Justice.
T.B. was adjudicated to be a youthful offender, based on the trial court’s finding that he had committed eight instances of unlawfully breaking and entering a vehicle with the intent to commit a theft. Alabama Code 1975, § 13A-8-ll(b). He was committed to the custody of the director of the Department of Corrections for two years. The Court of Criminal Appeals affirmed, holding, in an unpublished memorandum, T.B. v. State, 698 So.2d 802 (Ala.Crim.App.1996) (table), that it need not answer the question raised by T. B. — whether the corroboration statute, Ala.Code 1975, § 12-21-222, should apply to youthful offender proceedings — because it considered the alleged accomplice’s testimony to be corroborated “by [T. B.’s] association with [the accomplice] and [T. B.’s] proximity, chronologically and geographically[>] to the offense.” T.B. petitioned for cer-tiorari review, arguing, among other things, that the corroboration principle of § 12-21-222 applies to a youthful offender proceeding when the underlying criminal act is a felony and that his adjudication was therefore improper, being based, he says, on the uncorroborated testimony of an accomplice. We granted certiorari review to determine whether the corroboration requirement of § 12-21-222 applies to youthful offender proceedings, and, if so, whether, under the facts of this ease, there was sufficient evidence to corroborate the accomplice’s testimony. If we determine that § 12-21-222 does not apply to a youthful offender proceeding, then corroboration of an accomplice’s testimony is not required and, therefore, whether the accomplice’s testimony was corroborated would not be an issue in this case.
In Raines v. State, 294 Ala. 360, 363-65, 317 So.2d 559, 561-63 (1975), the Court *129 explained the purpose of the Youthful Offender Act, Ala.Code 1975, § 15-19-1 et seq.:
“The Youthful Offender Act [was] intended to extricate persons below twenty-one years of age from the harshness of criminal prosecution and conviction. It [was] designed to provide them with the benefits of an informal, confidential, rehabilitative system....
[[Image here]]
“... [Youthful offender proceedings] are not criminal in nature.... Youthful offender adjudications are special proceedings designed to protect persons in a certain age group, heretofore tried as adults, from the stigma and often harmful consequences of the criminal adjudicatory process. It is a manifestation of the legislature’s judgment that while persons are still young they may more readily and appropriately respond to methods of treatment which are more rehabilitative, more correctional and less severe than penalties to which adults are exposed. It is an extension, so to speak, of the protective juvenile process. The institution of special procedures is a right vested in the state, and their application lies within the discretion of the state.”
Section 15-19-7(a), which sets out the effect of a youthful offender adjudication, provides:
“No determination made under the provisions of this chapter shall disqualify any youth for public office or public employment, operate as a forfeiture of any right or privilege or make him ineligible to receive any license granted by public authority, and such determination shall not be deemed a conviction of crime; provided, however, that if he is subsequently convicted of crime, the prior adjudication as youthful offender shall be considered.”
(Emphasis added.) From the clear language of § 15-19-7(a), although an underlying act constitutes a felony, an adjudication of youthful offender status is not “[a] conviction of felony” within the meaning of § 12-21-222, the corroboration statute; it is not a “conviction” at all.
Section 12-21-222 reads as follows:
“A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.”
(Emphasis added.) The clear language of § 12-21-222 makes it applicable only in cases involving “[a] conviction of felony.”
We have found no case in which the corroboration requirement of § 12-21-222 has been extended to youthful offender proceedings. But see Vincent v. State, 349 So.2d 1145 (Ala.1977) (in which this Court refused to extend that requirement to juvenile transfer hearings); Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975) (in which this Court refused to extend that requirement to probation revocation hearings); and Woodberry v. State, 497 So.2d 587, 589 (Ala.Crim.App.1986) (in which the Court of Criminal Appeals refused to impose that requirement in a delinquency adjudication, “in view of the fact that such additional proof [was required neither] by statute nor by rule of the Supreme Court”). See also, Chambers v. State, 497 So.2d 607 (Ala.Crim.App.1986); and Burtram v. State, 448 So.2d 497 (Ala.Crim.App.1984). Furthermore, at common law and in the federal courts, corroboration generally has not been required. See, Alexander v. State, 281 Ala. 457, 204 So.2d 488 (1967), cert. denied, 390 U.S. 984, 88 S.Ct. 1107, 19 L.Ed.2d 1284 (1968).
Because the clear language of § 12-21-222 limits its corroboration requirement to felony convictions, all other adjudications, including youthful offender adjudications, are excluded from its effect. See Ex parte Holladay, 466 So.2d 956, 960-61 (Ala.1985) (holding that “[w]here a statute enumerates certain things on which it is to operate ..., the statute must be construed as excluding from its effect all things not expressly mentioned”). The Youthful Offender Act was enacted in 1975, after the enactment of § 12-21-222. Under general rules of statutory construction, we conclude that, had the Legislature intended the corroboration principle of § 12-21-222 to apply to adjudications or *130 proceedings other than felony convictions, e.g., to misdemeanors, juvenile transfer hearings, adjudications of juvenile delinquency, probation revocation hearings, or youthful offender adjudications, it could have included a provision in the Youthful Offender Act, or could have amended § 12-21-222, to say so. This it did not do. Because § 12-21-222 and § 15-19-7(a) are plain and unambiguous on their faces, there is no room for judicial construction. When the language of a statute is plain and unambiguous, as in this case, courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning — they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature. See, e.g., State Dep’t of Transportation v. McLelland, 639 So.2d 1370 (Ala.1994).
Although T.B. questions the fairness of not requiring corroboration in youthful offender proceedings[1] when the underlying criminal act would be a felony, and although the Court of Criminal Appeals has indicated in prior cases (albeit without specifically addressing the question of the application of the § 12-21-222 corroboration principle to youthful offender proceedings, because of its holding that the testimony of any alleged accomplice was corroborated by the evidence) that there are valid policy reasons that the corroboration requirement of § 12-21-222 should be applied in juvenile proceedings, we decline to extend that corroboration requirement to youthful offender cases.
While this Court, like the Court of Criminal Appeals, recognizes that there are valid arguments and reasons for applying the corroboration requirement in youthful offender eases, it is not for the Judiciary to impose its view on the Legislature. Rather, we, as members of the Judiciary, must adhere to the fundamental rale of construction mandated by the separation of powers doctrine — that statutes be construed so as to ascertain and effectuate the intent of the Legislature.
“It is well settled that, although there are occasions when a court must correct or ignore obvious inadvertences in order to give a law the effect which was plainly intended by the legislature, the judiciary cannot and should not, in a republican form of government, usurp the legislative function. Hamilton v. Smith, 264 Ala. 199, 86 So.2d 283 (1956). Where, as here, this Court is called upon to construe a statute, the fundamental rale is that the court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained. Shelton v. Wright, 439 So.2d 55 (Ala.1983). Where a statutory pronouncement is distinct and unequivocal, there remains no room for judicial construction and the clearly expressed intent of the legislature must be given effect. Dumas Brothers Manufacturing Co. v. Southern Guaranty Ins. Co., 431 So.2d 534 (Ala.1983). We deem this to be such a case. By expressly providing in § 43-2-24 for supplemental letters only where the would-be recipient of these letters is ‘named as executor in a will ’ (emphasis added [in Holladay ]), the legislature clearly expressed its intent that this section should only apply to testate estates and only provide for issuance of supplemental letters testamentary.
“Where a statute enumerates certain things on which it is to operate ..., the statute must be construed as excluding from its effect all things not expressly mentioned.... Cf. Geohagan v. General Motors Corp., 291 Ala. 167, 279 So.2d 436 (1973).”
Ex parte Holladay, 466 So.2d at 960-61.
Because we conclude that the corroboration principle of § 12-21-222 does not apply in youthful offender proceedings, whether there was sufficient corroborating evidence is not dispositive in this case. We have, however, reviewed the evidence in this ease. Al *131 though we do not necessarily agree with the Court of Criminal Appeals that there was sufficient evidence to corroborate the testimony of the accomplice, we affirm that court’s judgment, based on our holding that the corroboration principle of § 12-21-222 does not apply in this ease.
AFFIRMED.
HOOPER, C.J., and MADDOX, SHORES, COOK, and SEE, JJ., concur.
BUTTS, J., concurs in the result.

. According to T. B., he "has never contended that § 12-21-222 or the youthful offender act expressly requires the corroboration of accomplices; instead, [he] contends that when the purpose and policy of both statutory enactments are reviewed it is clear that the corroboration requirement should be required in youthful offender proceedings when the underlying criminal actions constitute felonies.” (T. B.’s reply brief in support of his certiorari petition.)