The appellant, Kenneth M. Henderson, appeals from the circuit court's denial in May 2003 and July 2003 of his petitions[1] for postconviction relief, filed pursuant to Rule 32, Ala. R.Crim. P. The record tends to show the following: Henderson pleaded guilty on April 18, 2001, to two counts of unlawful possession of a controlled substance and two counts of unlawful possession of marijuana. The court sentenced him to "reverse split" sentences of 10 years' imprisonment for each conviction and ordered that the sentences were to run concurrently. Under these "reverse split" sentences, Henderson was placed on probation for five years, followed by three years' incarceration, and he was then to be placed on probation for the remaining seven years. Henderson did not appeal his convictions or sentences, and he was released on probation in March 2001. After reporting to the probation office, Henderson failed to appear for several mandatory court reviews. The State filed a motion asking that Henderson's probation be revoked and that Henderson be arrested for voluntarily absconding from the jurisdiction of the court. The court entered an order to that effect on July 1, 2002, and issued an arrest warrant on November 19, 2002. On December 5, 2002, Henderson was arrested on an unrelated charge and placed in the Dallas County jail. He states that he was transferred to the Department of Corrections on January 29, 2003, and that he was given an inmate time sheet reflecting that he was serving a sentence of 60 years. *Page 396 
In his petitions, Henderson contended that his due-process rights were violated when the circuit court revoked his probation without giving him notice or conducting a probation revocation hearing. He also contended that he should have been given a statement of the evidence the court relied on and the facts justifying revocation. The State responded that Henderson's cases had been set for review in July 2001, November 2001, and February 2002; and that notices had been sent to his address and that attempts had been made to contact him, but that he had apparently absconded. The State further responded that Henderson's voluntarily leaving the jurisdiction when he was under court order to be supervised by the probation office and to report back to the court for reviews was sufficient ground to revoke his probation in absentia.
On February 2, 2004, the same day the State filed its response, the court conducted a hearing on Henderson's petitions. At the hearing, Henderson stated that he had reported for the court review in July 2001. He said that his probation officer subsequently told him that he would be locked up after his next review because he had tried to conceal a "dirty" drug test result. He said that he "wasn't doing the right thing in my life at that time," so he did not appear for the next review. On February 2, 2004, the circuit court issued a written order denying Henderson's petitions. The court found that Henderson had failed to appear for the review hearings in July 2001, November 2001 and February 2002; that his probation was revoked on July 1, 2002; and that "the defendant's voluntarily absconding from the jurisdiction of the Court [was][a] sufficient ground upon which to revoke probation."
On February 13, 2004, the appellant filed a notice of appeal and an "Application for Reconsideration and Other Appropriate Post-Decision Motions," in which he essentially restated the grounds stated in his petitions. On February 27, 2004, he filed a "Supplemental Motion," in which he again argued that he was entitled to a revocation hearing. On March 1, 2004, the circuit court agreed to set Henderson's "Application for Reconsideration and Other Appropriate Post-Decision Motions" for hearing on August 15, 2004.
Henderson's petitions clearly have merit. In Hollins v.State, 737 So.2d 1056, 1057 (Ala.Crim.App. 1998), this court stated:
 "Section 15-22-54, Ala. Code 1975, requires a hearing as a prerequisite to the revocation of probation. This statutory requirement is mandatory and jurisdictional. Story v. State, 572 So.2d 510
(Ala.Cr.App. 1990). Additionally, the appellant was denied his constitutional right to due process by the revocation of his probation without a hearing. The minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and to cross-examine adverse witnesses, a neutral and detached hearing body such as a traditional parole board, and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation. Rule 27.5 and 27.6, Ala. R.Crim. P. See Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Hernandez v. State, 673 So.2d 477 (Ala.Cr.App. 1995)."
In Law v. State, 778 So.2d 249 (Ala.Crim.App. 2000), we held that a probationer also must be informed of his right to request an attorney to represent him during a probation-revocation *Page 397 
proceeding. See Rule 27.6(b), Ala. R.Crim. P.
It appears from the record that the circuit court has scheduled a hearing on Henderson's motion, which contains the same claims set out in his petitions for postconviction relief. However, the court lost jurisdiction to conduct such a hearing 30 days after its February 2 ruling. See Ex parte Bishop, 883 So.2d 262
(Ala.Crim.App. 2003). Therefore, this matter is due to be remanded to the trial court so that the appellant's claims in his petition may be properly addressed by the trial court in an evidentiary hearing. A return to remand containing the trial court's findings of fact shall be made to this Court within 42 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
COBB, BASCHAB, and WISE, JJ., concur. SHAW, J., concurs in the result.
[1] Henderson filed petitions in case nos. CC-00-16.61 and CC-00-17.61 on May 23, 2003. He filed petitions in case nos. CC-00-244.61 and CC-00-245.61 on July 7, 2003. We have consolidated these cases for the purposes of writing one opinion.
* Note from the reporter of decisions: On December 23, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion.