WINDOM, Judge,
dissenting.
I disagree with the majority’s conclusion that the State failed to present sufficient evidence to establish that Black constructively possessed the cocaine found in the glove box of the white Ford Taurus automobile. Specifically, I believe that when the State and the trier of fact are afforded all reasonable inferences from the evidence presented at trial, the State presented “sufficient evidence [to show] that Black controlled the cocaine [and] that Black had knowledge that the cocaine was in the glove box.” 74 So.3d at 1060. Therefore, I respectfully dissent from the majority’s decision to reverse Black’s conviction for trafficking in cocaine, see § 13A-12-231(2), Ala.Code 1975, and to render a judgment in Black’s favor.
“[I]t is well settled that ‘ “[i]n determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution.” ’ ”[5] Williams v. State, 10 So.3d 1083, 1086 (Ala.Crim.App.2008) (quoting Ballenger v. State, 720 So.2d 1033, 1034 (Ala.Crim.App.1998), quoting in turn Faircloth v. State, 471 So.2d 485, 488 (Ala.Crim.App.1984)). As this Court has explained, “ ‘ “[t]he test used in determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt.” ’ ” Williams, 10 So.3d at 1086 (quoting Nunn v. State, 697 So.2d 497, 498 (Ala.Crim.App.1997), quoting in turn O’Neal v. State, 602 So.2d 462, 464 (Ala.Crim.App.1992)). Under this standard, a court reviewing the sufficiency of the State’s evidence must “ ‘ “draw all reasonable inferences and resolve all credibility choices in favor of the trier of fact.” ’ ” Johnson v. State, 950 So.2d 371, 376 (Ala.Crim.App.2006) (quoting D.L. v. State, 625 So.2d 1201, 1204 (Ala.Crim.App.1993), quoting in turn Woodberry v. State, 497 So.2d 587, 590 (Ala.Crim.App.1986)). “ ‘ “When there is legal evidence from which the [the trier of fact] could, by fair inference, find the defendant guilty, ... this court will not disturb the trial court’s decision.” ’ ” Williams, 10 So.3d at 1086 (quoting Farrior v. State, 728 So.2d 691, 696 (Ala.Crim.App.1998), quoting in turn *1062 Ward v. State, 557 So.2d 848, 850 (Ala.Crim.App.1990)). ‘“The role of appellate courts is ... to judge [only] whether the evidence is legally sufficient to allow submission of an issue for decision [by] the [trier of fact].’ ” Williams, 10 So.3d at 1086 (quoting Bankston v. State, 358 So.2d 1040, 1042 (Ala.1978)).
I believe that when the evidence is properly “ ‘ “view[ed] ... in the light most favorable to the prosecution,” ’ ” Williams, 10 So.3d at 1086 (quoting Nunn, 697 So.2d at 498, quoting in turn O’Neal, 602 So.2d at 464), and when “ ‘ “all reasonable inferences [are drawn] ... in favor of the trier of fact,” ’ ” Johnson, 950 So.2d at 376 (quoting D.L., 625 So.2d at 1204, quoting in turn Woodberry, 497 So.2d at 590), there was sufficient evidence to establish that Black had “(1) [a]ctual or potential physical control [over the cocaine], (2) intention to exercise dominion [over the cocaine] and (3) external manifestations of [his] intent and control [over the cocaine].” Ex parte J.C., 882 So.2d 274, 277 (Ala.2003) (internal citations and quotations omitted). That is, I believe that the State presented sufficient evidence from which “a rational finder of fact could have, by fair inference, found ... [that Black both] controlled [the car where the cocaine was found and] had knowledge of the presence of the [cocaine].” Id. (internal citations and quotations omitted).
Here, the State presented evidence indicating that law-enforcement officers received information from a reliable informant that drugs were being sold from a white Ford Taurus automobile located on Youngs Lane at the edge of a municipal park. When law-enforcement officers arrived at that location to investigate, they saw Black and four other individuals in proximity to the automobile described by the informant. As the officers approached Black and the four other individuals, Johnny Thornton, an investigator with the Mobile County Sheriffs Department, observed Black drop a plastic bag containing what appeared to be marijuana. After Investigator Thornton saw Black attempt to dispose of the marijuana, Black was placed in a patrol car with another individual and a recording device. Investigator Thornton also requested a K-9 unit to come to the location and search around the Ford Taurus.
After the drug-sniffing dog alerted to the presence of narcotics in the Ford Taurus, law-enforcement officers used a tool and entered the Ford Taurus and found cocaine in the glove compartment. The officers also found an accident report that indicated that Hope Epps owned the car. However, the telephone number listed in the accident report corresponded to the cellular telephone Black had with him. After finding the document in the Ford Taurus that ultimately connected Black with that automobile, law-enforcement officers called the cellular telephone number. Black initially answered the telephone and then hung up. Thereafter, he refused to answer the officers’ telephone calls, which by fair inference indicates that Black was attempting to conceal his possession of a telephone that connected him with the Ford Taurus.
In addition to the document connecting Black to the automobile and Black’s attempt to conceal his possession of the telephone, Black telephoned his mother and made incriminating statements. Specifically, while sitting in the patrol car near the Ford Taurus that contained the cocaine, Black informed his mother that “[t]he car [is] dirty,” and asked her to have someone “report the car stolen.” 74 So.3d at 1060. From the context and the content of the conversation, a reasonable finder of fact could have, by fair inference, concluded that Black knew that the automobile *1063 contained cocaine — was “dirty” — and that he was attempting to conceal his connection to the automobile — “report the car stolen.”[6] 74 So.3d at 1060. See Ex parte J.C., 882 So.2d at 278 (explaining that in cases of constructive possession, “circumstances that provide [a] connection [between the defendant and contraband] include ... admissions of the defendant that provide the necessary connection, which includes both verbal admissions and conduct that evidences a consciousness of guilt when the defendant is confronted with the possibility that illicit drugs will be found”) (quoting Grubbs v. State, 462 So.2d 995, 997-98 (Ala.Crim.App.1984), quoting in turn Temple v. State, 366 So.2d 740, 743 (Ala.Crim.App.1978)); Cf. Henderson v. State, 933 So.2d 395, 396 (Ala.Crim.App.2004) (referring to a “dirty” drug test); United States v. Bryant, (Ms. No. 08-03105-05/08/09-CR-S-DGK, Dec. 17, 2009) (not published in Fed. Supp.) (W.D.Mo.2009) (recognizing that a “dirty call” is a call that relates to drugs or the sale of narcotics).
Although the State’s evidence was not overwhelming, I believe that, when viewed in a light most favorable to the State and when all reasonable inferences are drawn in favor of the finder of fact, the evidence — testimony establishing that Black was in proximity to the white Ford Taurus that contained cocaine, documents connecting Black with that automobile, Black’s incriminating statement that “[t]he car [is] dirty,” and his request to have someone “report the car stolen,” 74 So.3d at 1060— is sufficient evidence from which “a rational finder of fact could have, by fair inference, found ... [that Black both] controlled [the car where the cocaine was found and] “had knowledge of the presence of the [cocaine].” Id. (internal citations and quotations omitted). Therefore, I would affirm Black’s conviction for trafficking in cocaine.

. I believe that the majority has correctly identified the law as it relates to a sufficiency-of-the-evidence claim and as it relates to constructive possession. Accordingly, there is no need to repeat the law here, except to the extent necessary to emphasize why I disagree with majority’s application of that law to the evidence presented at trial.

. I respectfully disagree with the majority’s conclusion that any inference drawn from Black’s conversation with his mother would amount to mere speculation. Black’s conversation occurred while he was sitting in a patrol car next to a white Ford Taurus that contained both cocaine and a document connecting Black to that automobile. Based on the context in which Black made the telephone call, I believe it is reasonable to infer that he was speaking of the white Ford Taurus at issue and seeking to have that car reported stolen.