MAIN, Justice.
The appellants, 9 Alabama municipalities (hereinafter referred to as “the municipal plaintiffs”) and the Birmingham-Jefferson Civic Center Authority (hereinafter collectively referred to with the municipal plaintiffs as “the municipalities”), appeal from a summary judgment entered in favor of the appellees, 16 online travel service companies and related entities (hereinafter collectively referred to as “the OTCs”). The issue presented by this case is whether the OTCs are liable for the payment to the municipalities of a lodgings tax under the local lodgings-tax ordinances of the respective municipal plaintiffs.
The trial court entered the following judgment:

“FINAL SUMMARY JUDGMENT

“This action for declaratory judgment under Ala.Code 1975, § 6-6-220 et seq., came on to be heard on a joint motion for summary judgment filed by the [OTCs]. The court heard oral arguments on February 25, 2011, and the parties have filed post-hearing submissions.
“The plaintiffs are nine Alabama municipalities: Birmingham, Huntsville, Decatur, Auburn, Madison, Anniston, Opelika, Fairhope, and Gulf Shores, along with the Birmingham-Jefferson Civic Center Authority. The defendants are 16 online travel service companies (OTCs), such as Orbitz, Inc., Travelocity.com, Inc., and include most of the nation’s major online travel reservation companies/[1]
*934 “In their complaint, which was filed on December 11, 2009, the [municipalities[2]] allege that [the municipal plaintiffs] have enacted ordinances which impose a lodgings tax on hotels located within their city limits. This municipal lodgings tax is in addition to a State lodgings tax. The tax is calculated as a percentage of the amount charged by such hotels for the use of a room.
“The [municipalities] seek a declaration from the court that the OTCs are engaged in the business of renting rooms or lodgings or furnishing accommodations to transients and that they are subject to and liable for the lodgings tax for any rooms that they rent. The [OTCs] deny that they are subject to the tax.
“The [OTCs] filed a Rule 12(b)(6) motion to dismiss for failure to state a claim and, after hearing oral arguments, the court denied the motion. The parties were given time to engage in discovery and, after several delays, the case is under submission on the [OTCs’] motion for summary judgment.

“THE UNDISPUTED FACTS

“These facts are not disputed. The defendants are OTCs that collect and publish travel-related information on the Internet. They make reservations for airline travel, car rentals and hotel rooms. The [municipalities] object to the use of the word ‘facilitate’ in defining the [OTCs’] activities, but the undisputed facts show that that is what they do. They facilitate, or make easier, the making of such reservations. Before these online services were available, customers used their own resources, or a travel agent, to make hotel reservations. Now the customer may go online and obtain the comparative information about lodgings in the area to which he is traveling and the OTC assists the customer in booking a room reservation at the hotel of his/her choice.
“When a customer makes a room reservation through the [OTCs’] online service, the customer is charged an amount for the occupancy of the hotel room, a lodgings tax recovery charge, and an additional amount which the [OTCs] retain as compensation for their services. The online travel company remits the room rental charge and the tax recovery charge to the hotel, and the hotel then pays the lodgings taxes to the State of Alabama and to the appropriate municipality.
“In this action the [municipalities] seek a declaration that the lodgings tax should be imposed, not only on the hotels for the amount they charge as rent for the occupancy of their hotel rooms, but also on the amount the [OTCs] *935 charge the customer for their online services.

“THE APPLICABLE LAW

“In 1955, the State of Alabama imposed a state lodgings tax, now codified at Ala.Code 1975, § 40-26-1 et seq. ‘There is levied and imposed, in addition to all other taxes of every kind now imposed by law, a privilege or license tax upon every person, firm or corporation engaging in the business of renting or furnishing any room or rooms, lodgings, or accommodations are regularly furnished to transients for a consideration,’ as calculated as a percentage ‘of the charge for such room, rooms, lodgings, or accommodations, including the charge for use or rental of personal property and services furnished in such room.’
“In 1969 the Alabama Legislature authorized municipalities to impose a similar tax. Of course, under Alabama’s outdated 1901 Constitutional scheme, municipalities do not have the power to tax on their own authority, but only if the power to tax has been granted by the State. City of Mobile v. GSF Properties, Inc., 531 So.2d 833, 836 (Ala.1988). ‘The governing body of any municipality within the State of Alabama may provide by ordinance for the levy and assessment of a privilege or license tax in the nature of a lodgings tax, parallel to the state levy .... ’ Ala. Code 1975, § 11-51-202(b).
“Thereafter, each of the [municipal plaintiffs] enacted such a lodgings tax ordinance. For example, Birmingham’s ordinance imposes the tax on ‘each person ... engaging ... in the business of renting or furnishing any room ... in any hotel.’ The Birmingham tax is imposed on ‘the charge of such room, rooms, lodgings or accommodations, including the charge for use or rental of personal property and services furnished in such rooms.’
“The Alabama Department of Revenue (‘DOR’) has ruled in Alabama Administrative Code, Rule 810-6-5-.13(5), that only ‘persons who operate [a] hotel’ are persons who rent or furnish rooms. The Rule states that the lodgings tax is imposed only on ‘charges made for the use of rooms ... by every person who is engaged in the business of renting rooms or lodgings or furnishing accommodations to transients.’ Rule 810-6-5-.13(4).
“The DOR has also determined that online travel service providers are not engaged in the business of renting or furnishing hotel rooms. Therefore, they are not hotel operators and are not obligated to collect and remit the lodgings tax on what they charge for their online services. While the opinion of the DOR is not binding on this court, it is persuasive.
“The question of law is whether the tax sought by the municipalities is authorized by these statutes, ordinances and rulings.
“ ‘In DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-76 (Ala.1998), we explained the process of statutory construction:
“ ‘ “In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature. As we have said:
“ ‘ “ ‘Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.’ ”
*936 “‘Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998) (quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992))_ It is true that when looking at a statute we might sometimes think that the ramifications of the words are inefficient or unusual. However, it is our job to say what the law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers. See Ex parte T.B., 698 So.2d 127,130 (Ala.1997).’
“Ex parte [National] Western Life Insurance Co., 899 So.2d 218 (Ala.2004).

“CONCLUSIONS

“The plain meaning of the statute and the ordinances is not hidden and the statute is not ambiguous. The lodgings tax is imposed on every person 'engaging in the business of renting or furnishing any rooms, in any hotel.’ The tax is fixed as a percentage of ‘the charge for such room, ... including the charge of use or rent of personal property and services furnished in such room.’ As required by the statute, the relevant ordinances must contain the same language as in the statute. The ordinance is, as it must be, parallel to the statute.
“The plain language of the statute and the [municipal plaintiffs’] ordinances compels the court to the conclusion that the [OTCs] are not engaged in the business of renting or furnishing any room or rooms in any hotel. The DOR has promulgated a rule affirming that only persons who operate a hotel are persons who rent or furnish rooms. These [OTCs] are not hoteliers. These [OTCs] do not operate a hotel in any of the cities involved in this litigation. They provide a service to the public for which they are compensated by their customers. This compensation is not subject to the lodgings tax.
“Alabama law is clear that (1) the legislative intent governs statutory construction; (2) to determine such intent, courts must look to the plain and ordinary meaning of the statute; and (3) the court must look to what the law says, not what either party thinks it should say. In addition, if there were any ambiguity, tax laws must be construed against the taxing authority and in favor of the taxpayer.
“It is not a proper function of the courts to rewrite the law, even though it is clear that the State of Alabama and its cities are in desperate need of any revenue they can find. If the Alabama Legislature intends to impose a tax on the service rendered by the OTCs, and if it intends to allow the [municipal plaintiffs] to impose such a tax, it may do so by appropriate legislation. The court is convinced by the undisputed facts that current law does not allow such taxation.
“Both sides of this dispute have submitted opinions and orders from various courts around the country, and the court has read many of those decisions. Some courts have ruled that the charges for the services rendered by the [online travel service providers] were subject to taxation and others have ruled that they were not. The court has not weighed one stack of cases against the other. While some of the courts simply disagree on the outcome, the various rulings seem to the court to turn on the specific language of the relevant statutes and ordinances. The specific language of the statutes or ordinances controls the outcome.
“The [municipalities] argue that if all else fails, there is a genuine issue of *937 material fact as to whether the [OTCs] have an agency relationship with the hotel operators and/or with the transient guests. The court agrees with [the municipalities] that the question of agency may be a question of fact for a jury, but here there is no evidence before the court to support such an allegation of agency.
[[Image here]]
“Upon consideration of the legal and evidentiary submissions, the court finds that there is no genuine issue of material fact and the [OTCs] are entitled to judgment as a matter of law.
“It is therefore ordered and adjudged that the [OTCs’] motion for summary judgment is granted. It is hereby declared that the [OTCs] are not engaged in the business of renting rooms or lodgings or furnish[ing] accommodations to transients and are therefore not subject to payment of the [municipal plaintiffs’] lodgings tax.
“This constitutes a final judgment in this case. Costs are taxed to the [municipalities].”
After considering the record in this case, the briefs of the parties, and the trial court’s order, we agree with the views expressed by Judge Vowell in his thorough and well reasoned summary-judgment order. We therefore affirm the judgment in favor of the OTCs, and we adopt Judge Vowell’s order in its entirety as the opinion of this Court. Because we affirm the summary-judgment order, we pretermit consideration of other arguments raised by the parties.
AFFIRMED.
MALONE, C.J., and WOODALL, BOLIN, and MURDOCK, JJ., concur.

. The OTCs include Orbitz, LLC; price-line.com Incorporated; Expedia, Inc.; Site *934 59.com, LLC; Travelocity.com LP; Hotels.com, L.P.; Hotwire, Inc.; Trip Network, Inc., d/b/a Cheaptickets.com; Internetwork Publishing Corp., d/b/a Lodging.com; Low-estfare.com Incorporated, n/k/a Lowest-fare.com LLC; Travelweb, LLC; and Travel-Now.com, Inc. Also named in the complaint as defendants are entities affiliated with certain of the OTCs but that do not provide online travel-related services. Those entities are Travelocity.com, Inc.; Hotels.com GP, LLC; and Lowestfare.com Inc., n/k/a Lowest-fare.com LLC. In addition, the complaint named "Maupintour Holding, LLC,” an entity that is seldom mentioned after the initial pleadings, but that apparently has remained a defendant. Three entities named in the complaint — Orbitz, Inc.; Travelport, Inc., f/k/a Cendant Travel Distribution Services Group, Inc.; and OneTravel, Inc. — were voluntarily dismissed without prejudice.

. The Birmingham-Jefferson Civic Center Authority does not have the power to levy a lodgings tax; it is a recipient of revenue generated by the tax imposed by the City of Birmingham.